

1
2
3
4
5
6
7
8

GREENBERG TRAURIG, LLP
MARK D. KEMPLE (SBN 145219)
BRYAN J. LAZARSKI (SBN 248349)
ASHLEY M. FARRELL (SBN 271825)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:      kemplem@gtlaw.com
            lazarskib@gtlaw.com
            farrella@gtlaw.com
Attorneys for Defendants Laboratory Corporation of
America, Laboratory Corporation of America Holdings



FILED
CLERK, U.S. DISTRICT COURT

NOV 2 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JEMUEL ANDRES, MARK
TAKAHASHI, CHRISTINE
BOHLANDER, individually as
aggrieved employees and on behalf of
others similarly situated,

              Plaintiffs,

vs.

LABORATORY CORPORATION
OF AMERICA, a Delaware
corporation doing business as
LABCORP; LABORATORY
CORPORATION OF AMERICA
HOLDINGS, a Delaware corporation
doing business as LABCORP;
ANTOINETTE HUGGINS, an
individual; CYNTHIA NELSON, an
individual, and DOES 1 through 100,
inclusive,

              Defendants.

CASE NO. CV13- 08773 ASWL (VBKx)

**NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE
COURT**

**[28 U.S.C. §§ 1331, 1332, 1441,
1446 and 1453]**

LA 131167442v3

PLEASE TAKE NOTICE that Defendant Laboratory Corporation of America ("Defendant" or "LabCorp") hereby removes the above-captioned action, *Andres, et. al. v. Laboratory Corporation of America, et. al.*, Case No. BC511308 (the "Action") from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d), and 1446(b) on the grounds articulated below.  Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) (emphasis added). In the event that the Court requires that Defendant prove the facts alleged in this pleading, or to otherwise establish jurisdiction, Defendant is prepared to do so.[1]

## STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the

---

[1] If a removing party's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [then the removing party] must support them by competent proof." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936).) See also *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("The removing party, as the proponent of federal jurisdiction, bears the burden of describing how the controversy exceeds $5 million ... This is a pleading requirement, not a demand for proof."); *McNutt*, 298 U.S. at 189 (defendants must put forth competent proof "[i]f his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner"). In the response to such a challenge, the District Court may consider the "contents of the removal petition," as well as any "supplemental evidence later proffered by the removing defendant." *Korn v. Polo Ralph Lauren Corporation*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) and *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir.2002)).  *See also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995) (same); *Singer v. State Farm Mut. Auto Ins.*, 116 F.3d 373, 374 (9th Cir. 1997) (in response to motion to remand, "defense counsel submitted declarations to show that the amount in controversy exceeded $50,000").

aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice. Defendant Laboratory Corporation of America Holdings is also represented by counsel for LabCorp and consents to this removal. Based on LabCorp's reasonable inquiry, individual defendants Antoinette Huggins and Cynthia Nelson have not been served in this Action, but their consent to this removal is not necessary under CAFA. See 28 U.S.C. § 1453(b)("[S]uch action may be removed by any defendant without the consent of all defendants.")

## VENUE

2.     The instant Action was filed in the Superior Court of the State of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

## SERVICE ON THE STATE COURT

3.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal, will be filed with the Clerk of the Los Angeles County Superior Court.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

4.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders in the state court file are attached hereto as Exhibits A - E. For the Court's ease of reference, these documents consist respectively of: the First Amended Complaint (Exhibit A), the Complaint in the Solano County *Bohlander* action (Exhibit B), the Complaint in the original Los Angeles County *Andres* action (Exhibit C), the Dismissal of the Solano County *Bohlander* action (Exhibit D), the remainder of the state court file (Exhibit E).

## **TIMELINESS OF THE CAFA REMOVAL**

5.     On or about May 30, 2013, Plaintiff Bohlander, on behalf of herself and others similarly situated, filed a Complaint in the Superior Court for the County of Solano, captioned *Bohlander v. Laboratory Corporation of America, et. al.*, Case No. FCS041765.  Plaintiff served the Complaint on Defendant LabCorp on July 8, 2013.  A true and correct copy of the Summons and Complaint filed in Solano County Superior Court is attached hereto as Exhibit B.

6.     On or about June 6, 2013, Plaintiffs Andres and Takahashi, on behalf of themselves and others similarly situated, filed a Complaint in the Superior Court for the County of Los Angeles, captioned *Andres and Takahashi v. Laboratory Corporation of America, et. al.*, BC511308.  Plaintiff served the Complaint on Defendant LabCorp on July 8, 2013.  A true and correct copy of the Summons and Complaint filed in Los Angeles Superior Court is attached hereto as Exhibit C.

7.     The parties then stipulated that Plaintiff Bohlander's case be consolidated with Plaintiff's Andres and Takahashi's case, as they involve the same employer and same statutes.  On or about August 2, 2013, Plaintiffs filed a First Amended Complaint ("FAC") in the Superior Court for the County of Los Angeles for the Action *Andres, et. al. v. Laboratory Corporation of America, et. al.*  Plaintiffs served the FAC on Defendant LabCorp on August 9, 2013.  A true and correct copy of the FAC filed in Los Angeles Superior Court is attached hereto as Exhibit A.

8.     Plaintiff Bohlander's Solano County action was dismissed without prejudice on or about August 16, 2013.  A true and correct copy of the dismissal order is attached hereto as Exhibit D.

9.     This removal is timely.  Here, the face of the FAC, like the initial pleading in this action and the pleading in the prior *Bohlander* action, does not plainly allege all elements needed for traditional diversity (including the amount in controversy), and Plaintiff has not served some other "paper" which concedes all elements needed for traditional diversity.  For example, no amount in controversy stated.

10.     As the Ninth Circuit Court of Appeal recently held and clarified, CAFA removal is timely at any time so long as (1) the face of the complaint does not plainly allege all elements needed for diversity jurisdiction under CAFA (including the amount in controversy), and (2) plaintiff has not served some other "paper" which concedes all elements needed for diversity jurisdiction. *See Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121, 1125-26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446(b)(1) and (b)(3); "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant"). If either (1) the face of the complaint plainly alleges all elements needed for diversity jurisdiction (including the amount in controversy), or (2) plaintiff has served some other "paper" which concedes all elements needed for diversity jurisdiction, then removal is timely only if it is within 30 days of such event). *Id.* Such is not the case here.

11.     Therefore, this removal is timely pursuant to CAFA removal procedures.

## ORIGINAL JURISDICTION PURSUANT TO CAFA

12.     This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441 (a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) no Defendant is a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5 million; and, (4) there is diversity between at least one class member and one Defendant. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As discussed below, this case meets each CAFA requirement for removal.

## The Proposed Class Contains in Excess Of 100 Members

13.     Plaintiff proposes two (2) total classes in her FAC:

    a.     All persons who are or were employed by Defendants as Couriers within four years prior to the filing of the original complaint in this

action until the date of certification ("Courier Class"). (Exhibit A, FAC ¶ 24)

b.   All persons who are or were employed by Defendants in California as a "Phlebotomist" at any time within four years prior to the filing of the original complaint in this action until the date of certification ("Phlebotomist Class"). (*Id.* at ¶ 26).

14.   LabCorp employed in excess of 100 persons in each of these positions in the four years preceding the filing of this action (and the prior *Bohlander* action).

## Defendant Is Not a Governmental Entity

15.   No Defendant is a state, state official, or other governmental entity.

## A Putative Class Member's State of Citizenship Is Diverse From Defendant's Citizenship

16.   CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state of which a defendant is not a citizen. 28 U.S.C. §§ 1332(d)(2)(A), 1453.

17.   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. See *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Plaintiffs Andres and Takahashi are domiciled in Los Angeles County, California. (Exhibit A, FAC ¶¶ 11, 12.)  Plaintiff Bohlander is domiciled in Solano County, California. (*Id.* ¶ at 13)  Each Plaintiff is a citizen of the State of California.

18.   For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id.*

19.   LabCorp is incorporated in the state of Delaware (FAC ¶14).  Its administrative and executive functions are performed at its headquarters, located in Burlington, North Carolina.  North Carolina is the state of Defendant's principal place of business.  As such, LabCorp is a citizen of Delaware and North Carolina, and is not a citizen of the State of California.  All the same is also true for defendant Laboratory Corporation of America Holdings.  As such, it is a citizen of Delaware and North Carolina, and is not a citizen of the State of California

20.   Because one or more plaintiffs is a citizen of California and is alleged to be a member of the putative class, and because LabCorp is a citizen of Delaware and North Carolina, at least one putative class member is diverse from a defendant, and thus CAFA's minimal diversity requirement is met.

**The Amount Placed in Controversy Exceeds $5,000,000**

21.   As a preliminary matter, Defendant in no way concedes that it has any liability to Plaintiffs or to the classes that Plaintiffs seek to represent, and denies that Plaintiffs or the putative class members are entitled to recover the compensatory damages, punitive damages, injunctive relief, attorney fees or any other relief requested in the FAC.

22.   Under 28 U.S.C. section 1332(d)(2), federal courts have original diversity jurisdiction over a class action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  In this regard, we note that:

> CAFA's language favors federal jurisdiction over class actions
> and CAFA's legislative history suggests that Congress intended
> the local controversy exception to be a narrow one, with all
> doubts resolved "in favor of exercising jurisdiction over the
> case."

Notice of Removal From State Court

*Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (*citing* S. Rep. No. 109-14 at 42, U.S. Code Cong. & Admin. News 3, 40).[2]

    23.    The amount in controversy includes claims for general and special damages, penalties, and attorney's fees if recoverable by statute or contract, and punitive damages. *E.g., Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242 at *4-5 (N.D. Cal., 1997); 28 U.S.C. Section 1332(d)-(e), 1453, 1711-1715 (2005).

    24.    At issue "is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corporation, 536 F.Supp.2d 1199,* 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.,* 408 F.Supp.2d 982, 986 (S.D.Cal.2005)). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Korn,* 536 F.Supp.2d at 1205 (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). Further, defenses that a defendant may assert are not considered in assessing the amount placed in controversy. *Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("None of these facts are disclosed by the complaint; the court must resolve them in determining the validity of the defense of the statute of limitations; and the possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy"); *Hernandez v.*

---

    [2] *See also Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009), cert. denied, 130 S. Ct. 187 (2009) (noting that Congress passed the Class Action Fairness Act "primarily to curb abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts"); *In re Textainer P'ship Sec. Litig.*, No. C 05-0969 MMC, 2005 WL 1791559, at *3 (N.D. Cal. July 27, 2005) ("The legislative history of CAFA instructs that CAFA's jurisdictional provisions should be read broadly, with strong preference that interstate class actions should be heard in a Federal court if removed by any defendant. If a Federal court is uncertain the court should err in favor of exercising jurisdiction over the case.") .

Notice of Removal From State Court

*Towne Park, Ltd.*, 2012 WL 2373372, *10 (C.D. Cal., June 22, 2012) ("the fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint"); *Lara v. Trimac Transp. Services (Western) Inc.*, 2010 WL 3119366, *3 (C.D. Cal., August 6, 2010) ("affirmative defenses …may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional limits.").

25.     Plaintiffs' attempt to limit the amount of damages recoverable by the putative class (FAC ¶4) has been held by the Ninth Circuit to be ineffective and irrelevant to calculating the amount in controversy. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

26.     Plaintiffs purport to allege statutory causes of action for: (1) Unpaid Overtime; (2) Unpaid Minimum Wages; (3) Unpaid Meal Period Premiums; (4) Unpaid Rest Period Premiums; (5) Non-compliant Wage Statements; (6) Waiting Time Penalties; (7) Violations of California Labor Code §§ 2698, *et. seq.*; and (8) Violations of California Business and Professions Code §§17200, *et. seq.*

27.     Plaintiffs allege that Defendant "scheduled" the courier class's "entire work shift such that there was insufficient time to take compliant meal periods" and as a result the class members were "required" to "work through all or part of their meal periods;" (FAC ¶¶61, 74) and "Defendants did not take efforts to schedule meal periods," and employees were instead "required to instead work through their meal periods." (*Id.* ¶76.) The employees then allegedly had to "confirm or verify having taken a compliant meal period when they had not" and were not paid a premium hour's wage for such time. (*Id.* ¶61. See also ¶77). "As with meal periods, Defendants did not take efforts to provide … class members with compliant rest breaks but instead required … class members to miss all or part of their rest breaks in order to finish work within their scheduled hours." (FAC ¶85.) In addition, they "worked off the clock after their scheduled shifts" and were "required" to "omit and/or erase this time after their scheduled shifts." (*Id.* ¶61) Likewise, the phlebotomist putative class members "worked off the clock before shifts and during scheduled shifts and during meal periods as a result of Defendants scheduling

practices and policies," and "had to work beyond their scheduled shifts" as they were "unable to compete work during scheduled hours," but were "not paid even minimum wage for this time." (*Id.* ¶¶62, 67.)  As a result of the forgoing, Plaintiffs assert that all putative class members wage statements were inaccurate, and that all former putative class members were not paid all wages due at termination, and therefore are entitled to 30 days wages. (*Id.* ¶¶87-98.)  For all the same reasons, Plaintiffs assert that they are entitled to PAGA penalties (*Id.* ¶¶99-111) and restitution of wages per Bus. & Prof. Code section 17200, *et seq.*  Plaintiffs, as "master of [their] claim,"[3] offer no limiting allegations.

28.  <u>Meal and Rest Period Premium Wages per Labor Code § 226.7.</u>  Between June 6, 2009 and the June 9, 2013, there are on average well over 100 phlebotomists working per day, five days per week.  The average hourly wage (before overtime) for such persons during this period was $16.97.  There were 1,454 work days during this period.  As such, the amount placed in controversy concerning the phlebotomist putative class' meal and rest period claims exceeds $4,934,976 (1454 days x 100 persons x $16.97 x 2 (one meal period and one rest period).  Likewise, Between June 6, 2009 and the June 9, 2013, there are on average in excess of 100 couriers working per day, five days per week.  The average hourly wage (before overtime) for such persons during this period was $12.82.  There were 1,454 work days during this period.  As such, the amount placed in controversy concerning the phlebotomist putative class' meal period claims and rest period claims is $3,728,056 (1454 days x 100 persons x $12.84 x 2 (one meal period and one rest period).  Combined, the amount placed "in controversy" on Plaintiffs' meal and rest period claims is $8,668,848.

---

[3] *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *4 (E.D. Cal., May 1, 2007) (internal citation omitted) ("Plaintiff is the "master of [his] claim[s]," and if he wanted to avoid removal, could have "alleged facts specific to [his] claims which would narrow the scope" of what he seeks).

29.   <u>Inaccurate Wage Statement Claims per Labor Code Section 226</u>. Labor Code section provides for a penalty in the amount of "($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Even assuming that a per employee cap could apply to each putative class member, and therefore going back just 40 pay periods, in those 40 pay cycles substantially in excess of 24,000 wage statements were issued to putative class members. This "places in controversy" in excess of an additional $2,400,000. Obviously, given employee turnover (such that the wage statement total above would not involve only employees with employment longevity of 40 pay cycles or greater, and therefore the period at issue and number of paychecks would be greater), the number could go much higher.

30.   <u>Waiting Time Penalties per Labor Code Section 203</u>. This section provides for up to 30 days continuing wages where, as alleged here, former employees have not been paid all sums due upon termination. Labor Code section 203 states, *inter alia*:

> If an employer willfully fails to pay, without abatement or
> reduction ... any wages of an employee who is discharged or
> who quits, the wages of the employee shall continue as a
> penalty from the due date thereof at the same rate until paid or
> until an action therefore is commenced; but the wages shall not
> continue for more than 30 days.

As of April 2013 (more than 30 days prior to the filing of the initial pleading in this action), the employment of over 500 members of the phlebotomist putative class had been terminated. The average daily wage of such persons was in excess of $120. As such, this places in controversy in excess of $1,800,000 (500 persons x $120/day x 30 days). Likewise, as of April 2013 (more than 30 days prior to the filing of the initial pleading in this action), the employment of over 200 members of the courier putative class had been terminated. The average daily wage of such persons was in excess of

$100.  As such, this placed in controversy in excess of $750,000 (250 persons x $100/day x 30 days).  Combined, the amount placed in controversy by Plaintiffs' waiting time penalty claims exceeds $2,550,000.

31.   The amounts placed in controversy on the foregoing claims alone exceed $13,600,000.

32.   On top of the foregoing, Plaintiffs seek class wide recovery of (1) overtime, (2) PAGA penalties, (3) minimum wage compensation and penalties, (4) declaratory relief[4], and (5) statutory attorney fees.  In this latter regard – statutory attorney fees – we note that the amount in controversy includes all reasonable attorney fees not merely through the date of removal, but through resolution of the action.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("Plaintiff insists that attorneys' fees are limited to those accrued at time of removal, maintaining that additional fees are too speculative. Plaintiff is mistaken. [In *Galt*] [t]he Ninth Circuit clearly … anticipated that district courts would project fees beyond removal."); *Pulera v. F&B, Inc.*, 2008 WL 3863489, at *4 (E.D. Cal. 2008) ("While the amount in controversy is determined at the time an action commences, where attorney's fees are recoverable by statute, this determination includes a reasonable estimate of the attorney's fees likely to be incurred."); *Brady v. Mercedes-Benz*, 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002), ("[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.") (emphasis added); *Tompkins v. Basic Research LLC*, 2008 WL 1808316, at *4 (E.D.Cal.2008) (the "amount in controversy includes a reasonable estimate of attorneys' fees likely to be incurred"); *Celestino v. Renal Advantage Inc.*, 2007 WL 1223699, at *4

---

[4] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977); *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 1166, 1172 (C.D. Cal. 2008) (same).

(N.D.Cal.2007) ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

33.   Therefore, the amount placed in controversy by the claims of Plaintiffs and their putative classes exceed the $5 million threshold.

## NO ADMISSION

34.   Defendant does not concede in any way that the allegations in the FAC, or any of the prior pleadings discussed above are accurate, nor that Plaintiffs are entitled to any compensatory or statutory damages, penalties, punitive damages, attorney fees, or any other relief.

WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated:  November 27, 2013          GREENBERG TRAURIG, LLP

By:

Mark D. Kemple
Bryan J. Lazarski
Attorneys for Defendants Laboratory Corporation
Of America, Laboratory Corporation Of America
Holdings

Notice of Removal From State Court

EXHIBIT A

1  Miriam Schimmel (SBN 185089)
   Miriam.Schimmel@capstonelawyers.com
2  Katherine Den Bleyker (SBN 257187)
   Katherine.DenBleyker@capstonelawyers.com
3  Jonathan Lee (SBN 267146)
   Jonathan.Lee@capstonelawyers.com
4  Capstone Law APC
   1840 Century Park East, Suite 450
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiffs Jemuel Andres
   and Mark Takahashi

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF LOS ANGELES

11

12  JEMUEL ANDRES, MARK                    Case No.:  BC511308
    TAKAHASHI, CHRISTINE
13  BOHLANDER, individually as aggrieved   **FIRST AMENDED CLASS ACTION**
    employees and on behalf of others similarly   **COMPLAINT AND ENFORCEMENT**
14  situated,                              **ACTION UNDER THE PRIVATE**
                                           **ATTORNEYS GENERAL ACT,**
15              Plaintiffs,                **CALIFORNIA LABOR CODE §§ 2698 ET**
                                           **SEQ.**
16         vs.
                                           (1)   Violation of California Labor Code
17  LABORATORY CORPORATION OF                    §§ 510 and 1198 (Unpaid Overtime);
    AMERICA, a Delaware corporation doing  (2)   Violation of California Labor Code
18  business as LABCORP; LABORATORY              §§ 1194, 1197, and 1197.1 (Unpaid
    CORPORATION OF AMERICA                       Minimum Wages);
19  HOLDINGS, a Delaware corporation doing (3)   Violation of California Labor Code
    business as LABCORP; ANTOINETTE              §§ 226.7 & 512(a) (Unpaid Meal Period
20  HUGGINS, an individual; CYNTHIA              Premiums);
    NELSON, an individual; and DOES 1      (4)   Violation of California Labor Code
21  through 100, inclusive,                      § 226.7 (Unpaid Rest Period Premiums);
                                           (5)   Violation of California Labor Code
22              Defendants.                      §226(a) (Non-Compliant Wage
                                                 Statements);
23                                         (6)   Violation of California Labor Code
                                                 §§ 201 and 202 (Wages Not Timely Paid
24                                               Upon Termination);
                                           (7)   Violation of Labor Code §§ 2698, *et seq.*
25                                               ("PAGA"); and
                                           (8)   Violation of California Business &
26                                               Professions Code §§ 17200, *et seq.*

27                                         **Jury Trial Demanded**

28

    ───────────────────────────────────────────────────────────
              FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG – 2 2013

By: M. Carrillo Deputy

BY FAX

Removal Exhibit A-001

1    Plaintiffs Jemuel Andres, Mark Takahashi, and Christine Bohlander ("Plaintiffs"),

2  individually and on behalf of all other aggrieved employees as set forth herein, allege as

3  follows:

4                          **INTRODUCTION**

5    1.    This is class action and enforcement action under California Civil Procedure

6  Code section 382 and the Labor Code Private Attorneys General Act of 2004, California

7  Labor Code section 2698 et seq.  ("PAGA") to recover wages, civil penalties, and all other

8  available relief on behalf of Plaintiffs, the State of California, and all other employees of

9  Defendants employed as "couriers" and "phlebotomists" by Defendants in California and

10  suffered one or more of the Labor Code violations set forth in this complaint.

11    2.    Defendants operate a laboratory testing and services company and utilize

12  couriers to circulate testing equipment and samples to and from various medical facilities,

13  homes, and laboratories, etc.  Defendants utilize phlebotomists to obtain and analyze blood

14  samples among other things.

15    3.    As set forth more fully below, Defendants have violated various sections of the

16  California Labor Code and applicable Industrial Welfare Commission Wage Order including,

17  but not limited to, to meal breaks, rest breaks, overtime and minimum wages, etc.

18                          **JURISDICTION AND VENUE**

19    4.    The monetary damages, restitution, wages and other remedies sought by

20  Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established

21  according to proof at trial.  Plaintiffs allege that the amount in controversy for each Plaintiff,

22  including claims for monetary damages, restitution, penalties, injunctive relief, and a pro rata

23  share of attorneys' fees, is less than seventy-five thousand dollars ($75,000) and that the

24  aggregate amount in controversy for the proposed class action, including monetary damages,

25  restitution, penalties, injunctive relief, and attorneys' fees, is less than five million dollars

26  ($5,000,000), exclusive of interest and costs.  Plaintiffs reserve the right to seek a larger

27  amount based upon new and different information resulting from investigation and discovery.

28    5.    This Court has jurisdiction over this action pursuant to the California

Page 1
FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-002**

1  Constitution, Article VI, section 10.  The statutes under which this action is brought do not

2  specify any other basis for jurisdiction.

3        6.     This Court has jurisdiction over all Defendants because, upon information and

4  belief, Defendants are either citizens of California, have sufficient minimum contacts in

5  California, or otherwise intentionally avail themselves of the California market so as to render

6  the exercise of jurisdiction over them by the California courts consistent with traditional

7  notions of fair play and substantial justice.

8        7.     Venue is proper in this Court because Defendants employ persons in this

9  county and thus a substantial portion of the transactions and occurrences related to this action

10  occurred in this county.

11        8.     California Labor Code sections 2699 *et seq.*, the "Labor Code Private Attorneys

12  Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil

13  penalties under the California Labor Code.

14        9.     On, April 23, 2013, April 26, 2013, and May 1, 2013 Plaintiffs timely provided

15  notice to the California Labor and Workforce Development Agency ("LWDA") and to

16  Defendants, pursuant to California Labor Code section 2699.3.

17        10.    On June 18, 2013, the LWDA informed Plaintiffs that it did not intend to

18  investigate the allegations.

19                           **THE PARTIES**

20        11.    Plaintiff JEMUEL ANDRES is a resident of Torrance, California in Los

21  Angeles County.

22        12.    Plaintiff MARK TAKAHASHI is a resident of Glendale, California, in Los

23  Angeles County.

24        13.    Plaintiff CHRISTINE BOHLANDER is a resident of Hanford, California in

25  Solano County.

26        14.    Defendant LABORATORY CORPORATION OF AMERICA, was and is, upon

27  information and belief, a Delaware corporation doing business as "LabCorp" and, at all times

28  hereinafter mentioned, an employer whose employees are engaged throughout this county, the

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-003**

1   State of California, or the various states of the United States of America.

2       15.    Defendant LABORATORY CORPORATION OF AMERICA HOLDINGS,

3   was and is, upon information and belief, a Delaware corporation doing business as "LabCorp"

4   and, at all times hereinafter mentioned, an employer whose employees are engaged throughout

5   this county, the State of California, or the various states of the United States of America.

6       16.    Defendant ANTOINETTE HUGGINS was and is, upon information and belief,

7   an individual residing in the state of California, and was the Store Manager for the retail store

8   location where Plaintiffs worked.  Pursuant to California Labor Code section 558 and PAGA,

9   ANTOINETTE HUGGINS is named as a "person acting on behalf of an employer" who

10   violated, and caused to be violated, various sections of Division 2, Part 2, Chapter 1, and

11   various sections of the applicable Industrial Welfare Commission Order which regulate days

12   and hours of work by enforcing and/or implementing LABORATORY CORPORATION OF

13   AMERICA HOLDINGS' and/or LABORATORY CORPORATION OF AMERICA's policies

14   and procedures.  Only civil penalties and unpaid wages are sought against ANTOINETTE

15   HUGGINS pursuant to Labor Code section 558.

16       17.    Defendant CYNTHIA NELSON was and is, upon information and belief, an

17   individual residing in the state of California, and was the regional manager for the location

18   where Plaintiff worked.  Pursuant to California Labor Code section 558 and PAGA, she is

19   named as a "person acting on behalf of an employer" who violated, and caused to be violated,

20   various sections of Division 2, Part 2, Chapter 1, and various sections of the applicable

21   Industrial Welfare Commission Order which regulate days and hours of work by carrying out

22   the policies and practices of Defendants.  Only civil penalties and unpaid wages are sought

23   against CYNTHIA NELSON pursuant to Labor Code section 558.

24       18.    Plaintiffs are unaware of the true names or capacities of the Defendants sued

25   herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

26   amend the complaint and serve such fictitiously named Defendants once their names and

27   capacities become known.  Plaintiffs are informed and believe, and thereon alleges, that

28   DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-004**

1  LABORATORY CORPORATION OF AMERICA HOLDINGS and/or LABORATORY

2  CORPORATION OF AMERICA at all relevant times.

3      19.     Plaintiffs are informed and believe, and thereon allege, that each and all of the

4  acts and omissions alleged herein were performed by, or are attributable to, LABORATORY

5  CORPORATION OF AMERICA HOLDINGS, LABORATORY CORPORATION OF

6  AMERICA, ANTOINETTE HUGGINS, CYNTHA NELSON, and/or DOES 1 through 100

7  (collectively "Defendants"), each acting as the agent, employee, alter ego, and/or joint

8  venturer of, or working in concert with, each of the other co-Defendants and was acting within

9  the course and scope of such agency, employment, joint venture, or concerted activity with

10  legal authority to act on the others' behalf.  The acts of any and all Defendants represent and

11  were in accordance with Defendants' official policy.

12      20.     At all relevant times, Defendants, and each of them, ratified each and every act

13  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

14  and abetted the acts and omissions of each and all the other Defendants in proximately causing

15  the damages herein alleged.

16      21.     Plaintiffs are informed and believe, and thereon allege, that each of said

17  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

18  omissions, occurrences, and transactions alleged herein.

19                         **CLASS ACTION ALLEGATIONS**

20      22.     Plaintiffs bring this action on their own behalf, as well as on behalf of each and

21  all other persons similarly situated, and thus, seek class certification under California Code of

22  Civil Procedure section 382.

23      23.     All claims alleged herein arise under California law for which Plaintiffs seek

24  relief authorized by California law.

25      24.     Plaintiffs' first proposed class consists of and is defined as follows:
                 All persons who are or were employed by Defendants as
26               Couriers within four years prior to the filing of the original
                 complaint in this action until the date of certification ("Courier
27               Class").

28      25.     Plaintiffs' first proposed subclass consists of and is defined as follows:

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-005**

All persons who are or were employed by Defendants as Couriers within one year prior to the filing of the original complaint until the date of certification ("Courier Subclass").

26. Plaintiffs' second proposed class consists of and is defined as follows:
All persons who are or were employed by Defendants in California as a "Phlebotomist" at any time within four years prior to the filing of the original complaint in this action until the date of certification ("Phlebotomist Class").

27. Plaintiffs second proposed subclass consists of and is defined as follows:
All persons who are or were employed by Defendants in California as a "Phlebotomist" at any time within one year prior to the filing of the original complaint in this action until the date of certification ("Phlebotomist Subclass").

28. Plaintiffs reserve the right to redefine the classes and subclasses and to add additional subclasses as appropriate based on discovery and specific theories of liability.

29. Members of the Courier Class, Courier Subclass, Phlebotomist Class, and Phlebotomist Subclass will be referred to hereinafter as "class members."

30. There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether Defendants required Plaintiffs and class members to work off-the-clock without payment;

(b) Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and class members;

(c) Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiffs and class members;

(d) Whether Defendants deprived Plaintiffs and class members of meal periods or required Plaintiffs and class members to work during meal periods without compensation;

(e) Whether Defendants deprived Plaintiffs and class members of rest periods or required Plaintiffs and class members to work during rest periods without compensation;

Page 5

Removal Exhibit A-006

(f)   Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

(g)   Whether Defendants failed to timely pay unpaid overtime wages, minimum wages, and meal and rest period premiums to Plaintiffs and class members during their employment;

(h)   Whether Defendants failed to pay unpaid overtime wages, minimum wages, and meal and rest period premiums due to Plaintiffs and class members upon their discharge;

(i)   Whether Defendants unlawfully deducted wages from Plaintiffs and class members without proper authorization;

(j)   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(k)   The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

31.   There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a)   <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership sizes of the classes are unknown to Plaintiffs at this time; however, the classes are estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)   <u>Typicality</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members as demonstrated herein.

(c)   <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

Removal Exhibit A-007

1   defined community of interest and typicality of claims, as demonstrated

2   herein.  Plaintiffs acknowledge that they have an obligation to make

3   known to the Court any relationship, conflicts or differences with any

4   class member.  Plaintiffs' attorneys, the proposed class counsel, are

5   versed in the rules governing class action discovery, certification, and

6   settlement.  Plaintiffs have incurred, and throughout the duration of this

7   action, will continue to incur costs and attorneys' fees that have been,

8   are, and will be necessarily expended for the prosecution of this action

9   for the substantial benefit of each class member.

10   (d)   Superiority:  The nature of this action makes the use of class action

11   adjudication superior to other methods.   A class action will achieve

12   economies of time, effort and expense as compared with separate

13   lawsuits, and will avoid inconsistent outcomes because the same issues

14   can be adjudicated in the same manner and at the same time for the

15   entire class.

16   (e)   Public Policy Considerations:  Employers in the State of California

17   violate employment and labor laws every day.  Current employees are

18   often afraid to assert their rights out of fear of direct or indirect

19   retaliation.  Former employees are fearful of bringing actions because

20   they believe their former employers might damage their future

21   endeavors through negative references and/or other means.  Class

22   actions provide the class members who are not named in the complaint

23   with a type of anonymity that allows for the vindication of their rights

24   while simultaneously protecting their privacy.

25                          **GENERAL ALLEGATIONS**

26   32.   Defendants operate a laboratory testing and services company using couriers to

27   transport testing supplies and equipment and test samples to and from various locations

28   including medical facilities, doctors' offices, and laboratories.  Defendants employ more than

First Amended Class Action and PAGA Complaint

**Removal Exhibit A-008**

1  30,000 persons nationwide and are a publicly traded corporation.

2      33.    Defendants employed Plaintiff Jemuel Andres as a courier from July 1, 2009 to

3  December 24, 2012 in the Los Angeles County area.

4      34.    Defendants employed Plaintiff Mark Takahashi as a courier from March 2007

5  to September 2012 in the Los Angeles County area.

6      35.    Defendants have employed Plaintiff Christine Bohlander as a phlebotomist

7  since September 2012 to the present in the Kings County area.

8      36.    Defendants continue to employ couriers and phlebotomists in various locations

9  throughout California.

10      37.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

11  mentioned, Defendants were advised by skilled lawyers and other professionals, employees

12  and advisors knowledgeable about California labor and wage law, employment and personnel

13  practices, and about the requirements of California law.

14      38.    Plaintiffs are informed and believe, and thereon allege, that aggrieved

15  employees were not paid for all hours worked, because all hours worked were not recorded.

16      39.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

17  should have known that Plaintiffs and class members were entitled to receive certain wages

18  for overtime compensation and that they were not receiving certain wages for overtime

19  compensation.

20      40.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

21  should have known that Plaintiffs and class members were entitled to receive at least

22  minimum wages for compensation and that, in violation of the California Labor Code, they

23  were not receiving at least minimum wages for work done off-the-clock.

24      41.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

25  should have known that Plaintiffs and class members were entitled to receive all meal periods

26  or payment of one (1) additional hour of pay at Plaintiffs' and aggrieved employees' regular

27  rate of pay when they did not receive a timely uninterrupted meal period, and that they did not

28  receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs' and

Removal Exhibit A-009

1  aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted

2  meal period.

3      42.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

4  should have known that Plaintiffs and class members were entitled to receive all rest periods

5  or payment of one (1) additional hour of pay at Plaintiffs' and aggrieved employees' regular

6  rate of pay when a rest period was missed, and that they did not receive all rest periods or

7  payment of one (1) additional hour of pay at Plaintiffs' and aggrieved employees' regular rate

8  of pay when a rest period was missed.

9      43.    Plaintiffs Andres and Takahashi are informed and believe, and thereon allege,

10  that Defendants knew or should have known that they were not permitted to deduct wages

11  from Plaintiffs Andres and Takahashi and Courier class members without authorization but

12  did so.

13      44.    Plaintiffs Andres and Takahashi are informed and believe, and thereon allege,

14  that Defendants knew or should have known that they were not permitted to compel or coerce

15  Plaintiffs Andres and Takahashi and Courier class members to patronize their business in the

16  purchase of any thing of value but did in fact require Plaintiffs Andres and Takahashi and

17  Courier class members to purchase various things, including company vehicle leases.

18      45.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

19  should have known that Plaintiffs and class members were entitled to receive complete and

20  accurate wage statements in accordance with California law.  In violation of the California

21  Labor Code, Plaintiffs and class members were not provided complete and accurate wage

22  statements.

23      46.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

24  should have known that Plaintiffs and class members were entitled to timely payment of

25  wages during their employment.  In violation of the California Labor Code, Plaintiffs and

26  class members did not receive payment of all wages, including, overtime wages, minimum

27  wages, and meal and rest period premium wages, within permissible time periods.

28      47.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

Removal Exhibit A-010

should have known that Plaintiffs and class members were entitled to receive all wages upon termination, including, minimum wages, overtime wages, and meal and rest period premium wages.

48.    At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendants.

49.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

50.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

51.    Plaintiffs were employed by Defendants and the alleged violations were committed against them during their time of employment and they are, therefore, aggrieved employees.  Plaintiffs and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

52.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)    The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)    The LWDA shall provide notice (hereinafter "LWDA Notice") to the

Page 10

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-011**

1    employer and the aggrieved employee by certified mail that it does not

2    intend to investigate the alleged violation within thirty (30) calendar

3    days of the postmark date of the Employee's Notice.  Upon receipt of

4    the LWDA Notice, or if the LWDA Notice is not provided within thirty-

5    three (33) calendar days of the postmark date of the Employee's Notice,

6    the aggrieved employee may commence a civil action pursuant to

7    California Labor Code section 2699 to recover civil penalties in addition

8    to any other penalties to which the employee may be entitled.

9    53.    On April 23, 2013, April 26, 2013, and May 1, 2013 Plaintiffs provided written

10   notice by certified mail to the LWDA and to employer Defendants of the specific provisions

11   of the California Labor Code alleged to have been violated, including the facts and theories to

12   support the alleged violations, pursuant to California Labor Code section 2699.3.

13   54.    As of the date this complaint was filed, the LWDA has stated that it does not

14   intend to investigate Plaintiffs' claims.  Thus, Plaintiffs have satisfied the administrative

15   prerequisites under California Labor Code section 2699.3(a) to recover civil penalties and

16   unpaid wages against Defendants, in addition to other remedies, for violations of California

17   Labor Code sections 201, 202, 203, 204, 210, 221, 224, 226(a), 226.7, 450, 510, 512(a), 1194,

18   1197, 1197.1, and 1198.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against All Defendants)

22   55.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

23   and every allegation set forth above.

24   56.    California Labor Code section 1198 makes it illegal to employ an employee

25   under conditions of labor that are prohibited by the applicable wage order.  California Labor

26   Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

27   shall be the . . . standard conditions of labor for employees.  The employment of any employee

28   . . . under conditions of labor prohibited by the order is unlawful."

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-012**

57.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

58.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

59.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and class members by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

60.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

61.     During the relevant time period, Plaintiffs Andres and Takahashi and Courier class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week. Plaintiffs Andres and Takahashi and Courier class members worked off-the-clock before scheduled shifts, during meal periods, and after scheduled shifts as a result of Defendants' scheduling practices and policies and because Defendants discouraged the payment of any overtime hours. For example, Defendants would schedule deliveries for Plaintiffs Andres and Takahashi and Courier class members' entire working shift such that there was insufficient or no time to take compliant meal periods. Instead, Plaintiffs Andres and Takahashi and Courier class members would have to work

**Removal Exhibit A-013**

1   through all or part of their meal periods.  Plaintiffs Andres and Takahashi and Courier class

2   members would be disciplined if they were late to scheduled pick-up or deliveries.  At the

3   same time, in an effort to avoid paying meal period premiums, Defendants also required

4   Plaintiffs Andres and Takahashi and Courier class members to confirm or verify having taken

5   a compliant meal period when they had not.  This requirement was, upon information and

6   belief, a condition of their continued employment or payment of wages.  Thus, Defendants did

7   not pay Plaintiffs Andres and Takahashi and Courier class members for the time they worked

8   through their meal periods.  Plaintiffs Andres and Takahashi and Courier class members

9   would also have to do work before their scheduled work shift began to prepare routes, prepare

10  specimens, and prepare coolers, etc.  Plaintiffs Andres and Takahashi and Courier class

11  members would also work off-the-clock after their scheduled shifts ended to finish routes that

12  were not able to be done during scheduled work hours due to traffic or other delays.

13  Defendants discouraged the payment of overtime hours and required Plaintiffs Andres and

14  Takahashi and Courier class members to omit and/or erase this time from their records and

15  paychecks.  Because Plaintiffs Andres and Takahashi and Courier class members worked

16  shifts of approximately forty (40) hours per week, some of this off-the-clock work qualified

17  for overtime payment.  Plaintiffs Andres and Takahashi and Courier class members were also

18  denied double-time when they worked more than twelve (12) hours in a shift.

19          62.     During the relevant time period, Plaintiff Bohlander and Phlebotomist class

20  members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day,

21  and/or in excess of forty (40) hours in a week.  Plaintiff Bohlander and Phlebotomist class

22  members worked off-the-clock before scheduled shifts and during meal periods as a result of

23  Defendants' scheduling practices and policies and because Defendants discouraged the

24  payment of any overtime hours.  Defendants did not want Plaintiff Bohlander and

25  Phlebotomist class members working hours beyond their scheduled shift.  For instance,

26  Defendants instructed Plaintiff Bohlander and Phlebotomist class members to clock in and out

27  according to their scheduled shift, including their scheduled meal periods, regardless of the

28  hours they actually worked.  However, Plaintiff Bohlander and Phlebotomist class members

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

Removal Exhibit A-014

1  would have to work beyond their scheduled shifts because Defendants would schedule too

2  many blood samples and other work for the phlebotomists and would not staff enough

3  employees to handle the work.  Defendants would often schedule only one phlebotomist to

4  work for several hours thereby making the one phlebotomist unable to complete work during

5  scheduled hours and unable to leave work for breaks due to lack of coverage.  Moreover,

6  Plaintiff Bohlander and Phlebotomist class members would work through part or all of their

7  meal periods, while off-the-clock, in order to get assigned work completed.  Because Plaintiff

8  Bohlander and Phlebotomist class members worked shifts of approximately forty hours per

9  week, some of this off-the-clock work qualified for overtime payment.  Plaintiff Bohlander

10  and Phlebotomist class members were also denied double-time when they worked more than

11  twelve hours in a shift.

12      63.    Defendants' failing to pay Plaintiffs and class members the unpaid balance of

13  overtime compensation, as required by California law, violates the provisions of California

14  Labor Code sections 510 and 1198, and is therefore unlawful.

15      64.    Pursuant to California Labor Code section 1194, Plaintiffs and class members

16  are entitled to recover their unpaid overtime compensation, as well as interest, costs, and

17  attorneys' fees.

18                              **SECOND CAUSE OF ACTION**

19  **Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

20                              **(Against All Defendants)**

21      65.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

22  and every allegation set forth above.

23      66.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1

24  provide that the minimum wage for employees fixed by the Industrial Welfare Commission is

25  the minimum wage to be paid to employees, and the payment of a lesser wage than the

26  minimum so fixed is unlawful.

27      67.    As described above, Plaintiffs and class members worked off-the-clock as a

28  result of Defendants' scheduling and discouragement of the payment of overtime.  To the

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-015**

1   extent the off-the-clock hours did not qualify for overtime payment, Plaintiffs and class

2   members were not paid even minimum wages for this time.  Also, Plaintiffs and class

3   members were not paid even minimum wage for all of the hours they worked as a result of

4   this off-the-clock.  Accordingly, Defendants regularly failed to pay at least minimum wages to

5   Plaintiffs and class members for all of the hours they worked in violation of California Labor

6   Code sections 1194, 1197 and 1197.1.

7          68.     Defendants' failure to pay Plaintiffs and class members the minimum wage as

8   required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those

9   sections, Plaintiffs and class members are entitled to recover the unpaid balance of their

10  minimum wage compensation, as well as interest, costs, and attorney's fees.

11         69.     Pursuant to California Labor Code section 1194.2, Plaintiffs and class members

12  are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

13  and interest thereon.

14                         **THIRD CAUSE OF ACTION**

15  **Violations of California Labor Code, §§ 226.7 and 512(a)–Failure to Provide Meal**

16                                 **Periods**

17                         **(Against All Defendants)**

18         70.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and

19  every allegation set forth above.

20         71.     At all relevant times herein set forth, the applicable California Industrial

21  Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

22  512(a) were applicable to Plaintiffs' and the other aggrieved employees' employment by

23  Defendants and each of them.

24         72.     At all relevant times herein set forth, California Labor Code section 226.7

25  provides that no employer shall require an employee to work during any meal period

26  mandated by an applicable order of the California Industrial Welfare Commission (IWC).

27         73.     At all relevant times herein set forth, California Labor Code section 512(a)

28  provides that an employer may not require, cause, or permit an employee to work for a period

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-016**

1  of more than five (5) hours per day without providing the employee with a meal period of not

2  less than thirty (30) minutes, except that if the total work period per day of the employee is

3  not more than six (6) hours, the meal period may be waived by mutual consent of both the

4  employer and the employee.

5       74.    During the relevant time period, Plaintiffs and class members scheduled to

6  work for a period of time no longer than six (6) hours, and who did not waive their legally

7  mandated meal periods by mutual consent, were required to work for periods longer than five

8  (5) hours without a meal period of not less than thirty (30) minutes.

9       75.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

10 Order(s) and California Labor Code section 226.7(b), Plaintiffs and class members are entitled

11 to recover from Defendants one (1) additional hour of pay at the employee's regular hourly

12 rate of compensation for each work day that the meal period was not provided.

13      76.    During the relevant time period, Defendants willfully required Plaintiffs Andres

14 and Takahashi and Courier class members to work during meal periods and failed to

15 compensate Plaintiffs Andres and Takahashi and Courier class members for missed meal

16 periods.  For example, as stated above Defendants did not take efforts to provide meal periods

17 to Plaintiffs Andres and Takahashi and Courier class members but instead scheduled

18 deliveries in such a way as to not relieve Plaintiffs Andres and Takahashi and Courier class

19 members of all work such that they could take compliant breaks.  Plaintiffs Andres and

20 Takahashi and Courier class members were required to instead work through their meal

21 periods, take late meal periods, or take shortened or interrupted meal periods.  In an effort to

22 avoid paying meal period premiums, Defendants also required Plaintiffs Andres and

23 Takahashi and Courier class members to confirm or verify having taken a compliant meal

24 period.  This requirement was, upon information and belief, a condition of continued

25 employment or payment of wages.  As a result, when meal periods were missed, Defendants

26 failed to pay Plaintiffs Andres and Takahashi and Courier class members the full meal period

27 premiums due in violation of the applicable Industrial Welfare Commission (IWC) Wage

28 Order(s), and California Labor Code sections 226.7 and 512(a).

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-017**

77.     During the relevant time period, Defendants willfully required Plaintiff Bohlander and Phlebotomist class members to work during meal periods and failed to compensate Plaintiff Bohlander and Phlebotomist class members for missed meal periods. For example, as stated above Defendants did not take efforts to provide meal periods to Plaintiff Bohlander and Phlebotomist class members but instead required Plaintiff Bohlander and Phlebotomist class members to complete tasks and forgo breaks because of the amount of work they needed to complete and because there were insufficient phlebotomists scheduled to handle the work. Also, Defendants scheduled Plaintiff Bohlander and Phlebotomist class members to start at 7:00 a.m. and then required them to work to prepare blood samples for the couriers who arrived at 12:00 p.m. thereby causing Plaintiff Bohlander and Phlebotomist class members to take late meal periods if any meal period was taken at all. Plaintiff Bohlander and Phlebotomist class members were required to work through their meal periods, take late meal periods, or take shortened or interrupted meal periods. Defendants also had no policy or practice to pay premiums when compliant meal periods were not provided. Accordingly, Defendants failed to pay Plaintiff Bohlander and Phlebotomist class members the full meal period premiums due in violation of the applicable IWC Wage Order(s), and California Labor Code sections 226.7 and 512(a).

78.     Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 226.7—Failure to Provide Rest Periods

### (Against All Defendants)

79.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

80.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and aggrieved employees'

Page 17

Removal Exhibit A-018

1    employment by Defendants.

2        81.    At all relevant times, California Labor Code section 226.7 provides that no

3    employer shall require an employee to work during any rest period mandated by an applicable

4    order of the California IWC.

5        82.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

6    employer shall authorize and permit all employees to take rest periods, which insofar as

7    practicable shall be in the middle of each work period" and that the "rest period time shall be

8    based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

9    hours or major fraction thereof" unless the total daily work time is less than three and one-half

10   (3½) hours.

11       83.    Pursuant to the applicable IWC Wage Order and California Labor Code section

12   226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1)

13   additional hour of pay at the employee's regular hourly rate of compensation for each work

14   day that the rest period was not provided.

15       84.    During the relevant time period, Defendants required Plaintiffs Andres and

16   Takahashi and Courier class members to work four (4) or more hours without authorizing or

17   permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal

18   periods, Defendants did not take efforts to provide Plaintiffs Andres and Takahashi and

19   Courier class members with compliant rest breaks but instead scheduled deliveries such that

20   Plaintiffs Andres and Takahashi and Courier class members could not take all compliant rest

21   breaks.  Defendants also had no policy and/or practice to pay a premium when rest periods

22   were missed and thus failed to pay Plaintiffs Andres and Takahashi and Courier class

23   members the full rest period premium due in violation of California Labor Code section 226.7

24   and the applicable Industrial Welfare Commission Wage Order.

25       85.    During the relevant time period, Defendants required Plaintiff Bohlander and

26   Phlebotomist class members to work four (4) or more hours without authorizing or permitting a

27   ten (10) minute rest period per each four (4) hour period worked.  As with meal periods,

28   Defendants did not take efforts to provide Plaintiff Bohlander and Phlebotomist class members

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-019**

with compliant rest breaks but instead required Plaintiff Bohlander and Phlebotomist class members to miss all or part of their rest breaks in order to finish work within their scheduled hours.  Defendants also had no policy and/or practice to pay a premium when rest periods were missed and thus failed to pay Plaintiff Bohlander and Phlebotomist class members the full rest period premium due in violation of California Labor Code section 226.7 and the applicable Industrial Welfare Commission Wage Order.

86.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements

### (Against All Defendants)

87.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

88.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

89.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to state all hours worked as a result of not recording or paying for hours worked off-the-clock.

90.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

91.    Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-020**

1   their legal right to receive, and their protected interest in receiving, accurate, itemized wage

2   statements under California Labor Code section 226(a).  In addition, because Defendants

3   failed to provide the accurate number of total hours worked on wage statements, Plaintiffs

4   have been prevented by Defendants from determining if all hours worked were paid and the

5   extent of the underpayment.  Plaintiffs have had to file this lawsuit, conduct discovery,

6   reconstruct time records, and perform computations in order to analyze whether in fact

7   Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to

8   incur expenses and lost time.  Plaintiffs would not have had to engage in these efforts and

9   incur these costs had Defendants provided the accurate number of total hours worked.  This

10  has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from

11  Defendants.

12          92.     Plaintiffs and class members are entitled to recover from Defendants the greater

13  of their actual damages caused by Defendants' failure to comply with California Labor Code

14  section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

15  employee.

16                              **SIXTH CAUSE OF ACTION**

17       **Violation of California Labor Code §§ 201 and 202–Wages Not Timely Paid Upon**

18                                    **Termination**

19                            **(Against All Defendants)**

20          93.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each

21  and every allegation set forth above.

22          94.     At all times herein set forth, California Labor Code sections 201 and 202

23  provide that if an employer discharges an employee, the wages earned and unpaid at the time

24  of discharge are due and payable immediately, and that if an employee voluntarily leaves his

25  or her employment, his or her wages shall become due and payable not later than seventy-two

26  (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

27  his or her intention to quit, in which case the employee is entitled to his or her wages at the

28  time of quitting.

**Removal Exhibit A-021**

95.    During the relevant time period, Defendants willfully failed to pay Plaintiffs and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

96.    Defendants' failure to pay Plaintiffs and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

97.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

98.    Plaintiffs and class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SEVENTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2698, *et seq.*

### (Against all Defendants)

99.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

100.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiffs to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.

101.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

102.    Defendants' conduct, as alleged herein, violates numerous sections of the

**Removal Exhibit A-022**

California Labor Code including, but not limited to, the following:

    (a)    Violation of Labor Code sections 510 and 1198 for Defendants' failure to pay overtime wages to Plaintiffs and other aggrieved employees, as set forth herein;

    (b)    Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiffs and other aggrieved employees for all hours worked with at least minimum wages, as set forth herein;

    (c)    Violation of Labor Code sections 226.7 and 512(a) for Defendants' failure to provide Plaintiffs and other aggrieved employees with meal and rest periods or compensation in lieu thereof, as set forth herein;

    (d)    Violation of Labor Code section 226(a) for failure to provide accurate wage statements to Plaintiffs and other aggrieved employees as set forth herein;

    (e)    Violation of Labor Code sections 201, 202, and 203 for failing timely to pay all earned wages to Plaintiffs and other aggrieved employees upon discharge, as set forth herein;

    (f)    Violation of Labor Code section 204 for failing to pay all earned wages owed to Plaintiffs and other aggrieved employees during employment as set forth more fully below;

    (g)    Violation of Labor Code sections 221 and 224 for unlawfully deducting wages previously paid to Plaintiffs Andres and Takahashi and other aggrieved employees as set forth more fully below; and

    (h)    Violation of Labor Code section 450 for compelling and/or coercing Plaintiffs Andres and Takahashi and other aggrieved employees to patronize Defendants' business as set forth more fully below.

103.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor

Removal Exhibit A-023

1   Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

2   shall be the . . . standard conditions of labor for employees.  The employment of any employee

3   . . . under conditions of labor prohibited by the order is unlawful."   In violating the above

4   cited sections, Defendants have also violated the applicable wage order and thus Labor Code

5   section 1198.

6         104.   California Labor Code section 204 requires that all wages earned by any person

7   in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

8   than those wages due upon termination of an employee, are due and payable between the 16th

9   and the 26th day of the month during which the labor was performed, and that all wages

10   earned by any person in any employment between the 16th and the last day, inclusive, of any

11   calendar month, other than those wages due upon termination of an employee, are due and

12   payable between the 1st and the 10th day of the following month.  California Labor Code

13   section 204 also requires that all wages earned for labor in excess of the normal work period

14   shall be paid no later than the payday for the next regular payroll period.  During the relevant

15   time period, Defendants failed to pay Plaintiffs and other aggrieved employees all wages due

16   to them, including, but not limited to, overtime wages, minimum wages, and meal and rest

17   period premium wages, within any time period specified by California Labor Code section

18   204.

19         105.   California Labor Code sections 221 and 224 provide that it is unlawful for any

20   employer to collect or receive from an employee any part of wages theretofore paid by said

21   employer to said employee without express written consent.  During the relevant time period,

22   Defendants collected a portion of wages previously paid to Plaintiffs Andres and Takahashi

23   and other aggrieved employees.  For example, Defendants deducted wages for the value of gift

24   cards distributed to Plaintiffs Andres and Takahashi and other aggrieved employees as part of

25   a company incentive program without obtaining proper authorization from Plaintiffs Andres

26   and Takahashi and aggrieved employees.  Defendants' conduct as alleged herein violates

27   California Labor Code sections 221 and 224.

28         106.   At all relevant times herein set forth, California Labor Code section 450

First Amended Class Action and PAGA Complaint

Removal Exhibit A-024

1  provides that an employer may not "compel or coerce any employee, or applicant for

2  employment, to patronize his or her employer, or any other person, in the purchase of any

3  thing of value." However, Defendants did compel and/or coerce Plaintiffs Andres and

4  Takahashi and other aggrieved employees to purchase various items including, but not limited

5  to, lease payments for vehicles owned by Defendants, in violation of California Labor Code

6  section 450.

7      107.   California Labor Code section 210 provides: "In addition to, and entirely

8  independent and apart from, any other penalty provided in this article, every person who fails

9  to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2,

10  205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial

11  violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each

12  subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for

13  each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

14      108.   Labor Code section 558(a) provides "[a]ny employer or other person acting on

15  behalf of an employer who violates, or causes to be violated, a section of this chapter or any

16  provision regulating hours and days of work in any order of the Industrial Welfare

17  Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty

18  dollars ($50) for each underpaid employee for each pay period for which the employee was

19  underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each

20  subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay

21  period for which the employee was underpaid in addition to an amount sufficient to recover

22  underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected

23  employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this

24  section are in addition to any other civil or criminal penalty provided by law."

25      109.   Defendants, at all times relevant to this complaint, were employers or persons

26  acting on behalf of an employer(s) who violated Plaintiffs' and other aggrieved employees'

27  rights by violating various sections of the California Labor Code as set forth above.

28      110.   As set forth above, Defendants have violated numerous provisions of both the

FIRST AMENDED CLASS ACTION and PAGA COMPLAINT

**Removal Exhibit A-025**

1   Labor Code sections regulating hours and days of work as well as the applicable order of the
2   Industrial Welfare commission.  Accordingly, Plaintiffs seek the remedies set forth in Labor
3   Code section 558 for themselves, the State of California, and all other aggrieved employees.

4        111.   Pursuant to PAGA, and in particular California Labor Code sections 2699(a),
5   2699.3, 2699.5 and 558, Plaintiffs, acting in the public interest as a private attorney general,
6   seek assessment and collection of unpaid wages and civil penalties for Plaintiffs, all other
7   aggrieved employees, and the State of California against Defendants, in addition to other
8   remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 221, 224,
9   226(a), 226.7, 450, 510, 512(a), 1194, 1197, 1197.1, and 1198.

10                          **EIGHTH CAUSE OF ACTION**
11        **Violation of California Business & Professions Code §§ 17200, *et seq.***
12                          **(Against All Defendants)**

13        112.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each
14   and every allegation set forth above.

15        113.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,
16   unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs seek to
17   enforce important rights affecting the public interest within the meaning of Code of Civil
18   Procedure section 1021.5.

19        114.   Defendants' activities, as alleged herein, are violations of California law, and
20   constitute unlawful business acts and practices in violation of California Business &
21   Professions Code sections 17200, *et seq.*

22        115.   A violation of California Business & Professions Code sections 17200, *et seq.*
23   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'
24   policies and practices have violated state law in at least the following respects:

25             (a)      Requiring non-exempt employees, including Plaintiffs and class
26                      members, to work overtime without paying them proper compensation
27                      in violation of California Labor Code sections 510 and 1198 and the
28                      applicable Industrial Welfare Commission Order;

Page 25

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-026**

1        (b)    Failing to pay at least minimum wage to Plaintiffs and class members in

2              violation of California Labor Code sections 1194, 1197 and 1197.1 and

3              the applicable Industrial Welfare Commission Order;

4        (c)    Failing to provide meal and rest periods or to pay premium wages for

5              missed meal and rest periods to Plaintiffs and class members in

6              violation of California Labor Code sections 226.7 and 512 and the

7              applicable Industrial Welfare Commission Order;

8        (d)    Failing to provide Plaintiffs and class members with accurate wage

9              statements in violation of California Labor Code section 226(a) and the

10            applicable Industrial Welfare Commission Order;

11        (e)    Deducting wages already paid to Plaintiffs Andres and Takahashi and

12            Courier class members without proper authorization in violation of

13            California Labor Code sections 221 and 224 and the applicable

14            Industrial Welfare Commission Order;

15        (f)    Compelling and/or coercing Plaintiffs Andres and Takahashi and

16            Courier class members to patronize Defendants' business in violation of

17            California Labor Code section 450; and

18        (g)    Failing to timely pay all earned wages to Plaintiffs and class members in

19            violation of California Labor Code section 204 and the applicable

20            Industrial Welfare Commission Order.

21      116.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

22 Plaintiffs and class members are entitled to restitution of the wages withheld and retained by

23 Defendants during a period that commences four years prior to the filing of the original

24 complaint in this action; a permanent injunction requiring Defendants to pay all outstanding

25 wages due to Plaintiffs and class members; an award of attorneys' fees pursuant to California

26 Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

27                   **REQUEST FOR JURY TRIAL**

28     Plaintiffs request a trial by jury.

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-027**

## PRAYER FOR RELIEF

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000).

### Class Certification

2.    That this case be certified as a class action;

3.    That Plaintiffs Andres and Takahashi be appointed as representatives of the Courier Class and Courier Subclass;

4.    That Plaintiff Bohlander be appointed as representative of the Phlebotomist Class and Phlebotomist Subclass;

5.    That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

6.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and class members;

7.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

8.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

9.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

10.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

11.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and class members;

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-028**

12.     For general unpaid wages and such general and special damages as may be appropriate;

13.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

14.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

15.     For liquidated damages pursuant to California Labor Code section 1194.2; and

16.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

17.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC) Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

18.     That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premiums pursuant to California Labor Code section 226.7(b);

21.     For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

22.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and class members;

24.     That the Court make an award to the Plaintiffs and class members of one (l)

Removal Exhibit A-029

1    hour of pay at each employee's regular rate of compensation for each workday that a rest

2    period was not provided;

3        25.    For all actual, consequential, and incidental losses and damages, according to

4    proof;

5        26.    For premiums pursuant to California Labor Code section 226.7(b);

6        27.    For pre-judgment interest on any unpaid rest period premiums from the date

7    such amounts were due; and

8        28.    For such other and further relief as the Court may deem equitable and

9    appropriate.

10                    **As to the Fifth Cause of Action**

11       29.    That the Court declare, adjudge and decree that Defendants violated the

12   recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

13   Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized

14   wage statements thereto;

15       30.    For all actual, consequential and incidental losses and damages, according to

16   proof;

17       31.    For injunctive relief and statutory penalties pursuant to California Labor Code

18   sections 226(h) and 226(e); and

19       32.    For such other and further relief as the Court may deem equitable and

20   appropriate.

21                    **As to the Sixth Cause of Action**

22       33.    That the Court declare, adjudge and decree that Defendants violated California

23   Labor Code sections 201 and 202 by willfully failing to pay all overtime wages, minimum

24   wages, and meal and rest period premium wages owed at the time of termination of the

25   employment of Plaintiffs and other class members no longer employed by Defendants.

26       34.    For all actual, consequential and incidental losses and damages, according to

27   proof;

28       35.    For statutory wage penalties pursuant to California Labor Code section 203 for

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit A-030**

1  Plaintiffs and all other class members who have left Defendants' employ;

2      36.    For pre-judgment interest on any unpaid wages from the date such amounts

3  were due; and

4      37.    For such other and further relief as the Court may deem equitable and

5  appropriate.

6                          **As to the Seventh Cause of Action**

7      38.    That the Court declare, adjudge and decree that Defendants violated the

8  following California Labor Code sections as to Plaintiffs and aggrieved employees: 510 and

9  1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay at least

10  minimum wages for all hours worked); 226.7 and 512(a) (by failing to provide meal or rest

11  periods or compensation in lieu thereof); 226(a) (by failing to provide accurate wage

12  statements); 201, 202, 203 (by failing to timely pay all unpaid wages upon termination); and

13  204 (by failing to timely pay all earned wages during employment);

14      39.    That the Court declare, adjudge and decree that Defendants violated the

15  following California Labor Code sections as to Plaintiffs Andres and Takahashi and aggrieved

16  employees: 221 and 224 (for improperly deduction wages already paid to Plaintiffs and class

17  members without authorization) and 450 (for compelling and/or coercing Plaintiffs and class

18  members to purchase things of value).

19      40.    For civil penalties for conduct occurring any time between one year prior to the

20  filing of this complaint and judgment, and unpaid wages for conduct occurring any time

21  between three years prior to the filing of this complaint and judgment, pursuant to California

22  Labor Code sections 2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees,

23  for violations of California Labor Code sections 201, 202, 203, 204, 210, 221, 224, 226(a),

24  226.7, 450, 510, 512(a), 1194, 1197, 1197.1, and 1198; and

25      41.    For such other and further relief as the Court may deem equitable and

26  appropriate.

27                          **As to the Eighth Cause of Action**

28      42.    That the Court declare, adjudge and decree that Defendants violated California

First Amended Class Action and PAGA Complaint

**Removal Exhibit A-031**

1  Business and Professions Code sections 17200, *et seq.* by failing to pay overtime

2  compensation due, failing to pay at least minimum wages for all hours worked, failing to

3  provide meal and rest periods or premium wages in lieu thereof, improperly deducting wages

4  from Plaintiffs Andres and Takahashi and Courier class members, coercing and/or compelling

5  Plaintiffs Andres and Takahashi and Courier class members to purchase things of value,

6  failing to provide accurate wage statements, failing timely to pay all earned wages during

7  employment and upon termination, and making unauthorized deductions to wages;

8       43.    For restitution of unpaid wages to Plaintiffs and all class members and

9  prejudgment interest from the day such amounts were due and payable;

10       44.    For the appointment of a receiver to receive, manage and distribute any and all

11  funds disgorged from Defendants and determined to have been wrongfully acquired by

12  Defendants as a result of violations of California Business & Professions Code sections 17200

13  *et seq.*;

14       45.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

15  California Code of Civil Procedure section 1021.5; and

16       46.    For such other and further relief as the Court may deem equitable and

17  appropriate.

18

19  Dated: August 2, 2013               Respectfully submitted,

20                            Capstone Law APC

21

22                            By:

                             Miriam Schimmel

23                               Katherine Den Bleyker

                             Jonathan Lee

24                               Attorneys for Plaintiffs Jamuel Andres, Mark

25                               Takahashi, and Christine Bohlander

26

27

28

First Amended Class Action and PAGA Complaint

Removal Exhibit A-032

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen
4    (18) and not a party to this action.  My business address is: Capstone Law APC, 1840 Century
     Park East, Suite 450, Los Angeles, California 90067.

5        On August 2, 2013, I served the within document(s) described below as:
6
7    **FIRST AMENDED CLASS ACTION COMPLAINT AND ENFORCEMENT
     ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA
8    LABOR CODE §§ 2698 ET SEQ.**

9    on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes
     addressed as follows:
10
         Mark D. Kemple
11       Bryan J. Lazarski
         Greenberg Traurig, LLP
12       1840 Century Park East, Suite 1900
         Los Angeles, CA 90067-2121
13       *Attorneys for Defendants*
14       *Laboratory Corporation Of America and*
         *Laboratory Corporation Of America*
15       *Holdings*

16   **(X)**   **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes
             were mailed with postage thereon fully prepaid.
17   ( )    **PERSONAL**:  I caused such envelope to be delivered by hand to the individuals at the
18           address listed above.
     ( )    **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered
19           via overnight courier service (FedEx) to the individuals at the address listed above.
20   ( )    **FACSIMILE**:  I caused the above-referenced document(s) to be transmitted to the above-
             named person at the telephone numbers above.
21   **(X)**   **(STATE)** I declare under penalty of perjury under the laws of the State of California that
             the above is true and correct.
22
23       **EXECUTED** this document on August 2, 2013, at Los Angeles, California.

24
25                                              _____
26                                              Sandy S. Acevedo
27
28

PROOF OF SERVICE

**Removal Exhibit A-033**

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LABORATORY CORPORATION OF AMERICA, a Delaware corporation doing business as LABCORP; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation doing business as LABCORP; CYNTHIA NELSON, an individual; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTINE BOHLANDER, individually as an aggrieved employee and on behalf of other aggrieved employees

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of State of California - Solano County<br>600 Union Avenue, Fairfield, California 94533 | CASE NUMBER:<br>*(Número del Caso):* **FCS041765** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Miriam L. Schimmel (SBN 185089), Katherine DenBleyker (SBN 257187), Jonathan S. Lee (SBN 267146)
Capstone Law APC, 1840 Century Park East, Suite 450, Los Angeles, California 90067, Tel. No.: (310) 556-4811

| DATE:<br>*(Fecha)* MAY 3 0 2013 | Clerk, by<br>*(Secretario)* J. SAPP-CHUN | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

ASSIGNED TO
JUDGE HARRY S. KINNICUTT
FOR ALL PURPOSES

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

BY FAX

Removal Exhibit B-034

1  Miriam Schimmel (SBN 185089)
   Miriam.Schimmel@capstonelawyers.com
2  Katherine Den Bleyker (SBN 257187)
   Katherine.DenBleyker@capstonelawyers.com
3  Jonathan Lee (SBN 267146)
   Jonathan.Lee@capstonelawyers.com
4  Capstone Law APC
   1840 Century Park East, Suite 450
5  Los Angeles, California 90067
   Telephone:   (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiff Christine Bohlander

**ENDORSED FILED**
Clerk of the Superior Court

**MAY 3 0 2013**

By_____
        J. SAPP-CHUN
        DEPUTY CLERK

8            ASSIGNED TO
9       JUDGE HARRY S. KINNICUTT
        FOR ALL PURPOSES

10       SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            FOR THE COUNTY OF SOLANO

12  CHRISTINE BOHLANDER, individually       Case No.:  **FCS041765**
    as an aggrieved employee and on behalf of
13  other aggrieved employees,              **ENFORCEMENT ACTION UNDER THE
                                            PRIVATE ATTORNEYS GENERAL ACT,
14            Plaintiff,                    CALIFORNIA LABOR CODE §§ 2698 ET
                                            SEQ.**
15       vs.
                                            (1) Violation of Labor Code §§ 2698, *et seq.*
16  LABORATORY CORPORATION OF                   ("PAGA")
    AMERICA, a Delaware corporation doing
17  business as LABCORP; LABORATORY
    CORPORATION OF AMERICA
18  HOLDINGS, a Delaware corporation doing
    business as LABCORP; CYNTHIA            **Jury Trial Demanded**
19  NELSON, an individual; and DOES 1
    through 100, inclusive,
20
21            Defendants.
22
23
24
25
26
27
28

                          COMPLAINT

Plaintiff Christine Bohlander ("Plaintiff"), individually and on behalf of all other aggrieved employees as set forth herein, alleges as follows:

**INTRODUCTION**

1.     This is an enforcement action under the Labor Code Private Attorneys General Act of 2004, California Labor Code section 2698 et seq. ("PAGA") to recover civil penalties, wages, and all other available relief on behalf of Plaintiff, the State of California, and all other employees of Defendants currently or previously employed as "phlebotomists" by Defendants in California and suffered one or more of the Labor Code violations set forth in this complaint at any time between three years prior to the filing of this complaint until judgment ("aggrieved employees").

2.     Defendants operate a laboratory testing and services company and utilize phlebotomists to obtain and analyze blood samples among other things.

3.     As set forth more fully below, Defendants have violated various sections of the California Labor Code and applicable Industrial Welfare Commission Wage Order including, but not limited to, to meal breaks, rest breaks, overtime and minimum wages, etc.

**JURISDICTION AND VENUE**

4.     The civil penalties, wages and other remedies sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  Based upon information available at this time, Plaintiff alleges that the amount in controversy for each Plaintiff, including claims for monetary damages, restitution, penalties, wages, injunctive relief, and a pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

5.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

6.     This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render

Page 1

COMPLAINT

**Removal Exhibit B-036**

1  the exercise of jurisdiction over them by the California courts consistent with traditional

2  notions of fair play and substantial justice.

3          7.      Venue is proper in this Court because Defendants employ persons in this

4  county and thus a substantial portion of the transactions and occurrences related to this action

5  occurred in this county.

6          8.      California Labor Code sections 2699 *et seq*., the "Labor Code Private Attorneys

7  Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil

8  penalties under the California Labor Code.

9          9.      On, April 26, 2013 Plaintiff timely provided notice to the California Labor and

10  Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor

11  Code section 2699.3.

12                                **THE PARTIES**

13          10.     Plaintiff CHRISTINE BOHLANDER is a resident of Hanford, California in

14  Solano County.

15          11.     Defendant LABORATORY CORPORATION OF AMERICA, was and is, upon

16  information and belief, a Delaware corporation doing business as "LabCorp" and, at all times

17  hereinafter mentioned, an employer whose employees are engaged throughout this county, the

18  State of California, or the various states of the United States of America.

19          12.     Defendant LABORATORY CORPORATION OF AMERICA HOLDINGS,

20  was and is, upon information and belief, a Delaware corporation doing business as "LabCorp"

21  and, at all times hereinafter mentioned, an employer whose employees are engaged throughout

22  this county, the State of California, or the various states of the United States of America.

23          13.     Defendant CYNTHIA NELSON was and is, upon information and belief, an

24  individual residing in the state of California, and was the regional manager for the location

25  where Plaintiff worked.  Pursuant to California Labor Code section 558 and PAGA, she is

26  named as a "person acting on behalf of an employer" who violated, and caused to be violated,

27  various sections of Division 2, Part 2, Chapter 1, and various sections of the applicable

28  Industrial Welfare Commission Order which regulate days and hours of work by carrying out

Page 2

COMPLAINT

**Removal Exhibit B-037**

1   the policies and practices of Defendants.  Only civil penalties and unpaid wages are sought

2   against CYNTHIA NELSON pursuant to Labor Code section 558.

3         14.    Plaintiff is unaware of the true names or capacities of the Defendants sued

4   herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

5   amend the complaint and serve such fictitiously named Defendants once their names and

6   capacities become known.

7         15.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

8   acts and omissions alleged herein were performed by, or are attributable to, LABORATORY

9   CORPORATION OF AMERICA HOLDINGS, CYNTHIA NELSON, and/or DOES 1 through

10   100 (collectively "Defendants"), each acting as the agent, employee, alter ego, and/or joint

11   venturer of, or working in concert with, each of the other co-Defendants and was acting within

12   the course and scope of such agency, employment, joint venture, or concerted activity with

13   legal authority to act on the others' behalf.  The acts of any and all Defendants represent and

14   were in accordance with Defendants' official policy.

15         16.    At all relevant times, Defendants, and each of them, ratified each and every act

16   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

17   and abetted the acts and omissions of each and all the other Defendants in proximately causing

18   the damages herein alleged.

19         17.    Plaintiff is informed and believes, and thereon alleges, that each of said

20   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

21   omissions, occurrences, and transactions alleged herein.

22                             **GENERAL ALLEGATIONS**

23         18.    Defendants operate a laboratory testing and services company using

24   phlebotomists to prepare and obtain blood samples along with other related tasks.  Defendants

25   employ more than 30,000 persons nationwide and are a publicly traded corporation.

26         19.    Defendants have employed Plaintiff Christine Bohlander as a phlebotomist

27   since September 2012 to the present in the Kings County area.

28         20.    Defendants continue to employ phlebotomists in various locations throughout

COMPLAINT

**Removal Exhibit B-038**

California.

21.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

22.     Plaintiff is informed and believes, and thereon alleges, that aggrieved employees were not paid for all hours worked, because all hours worked were not recorded.

23.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted meal period.

26.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and aggrieved employees' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and aggrieved employees' regular rate of pay when a rest period was missed.

COMPLAINT

Removal Exhibit B-039

27.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff and aggrieved employees were not provided complete and accurate wage statements.

28.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and aggrieved employees did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that formerly employed aggrieved employees were entitled to receive all wages upon termination, including, without limitation, minimum wages, overtime wages, and meal and rest period premium wages.

30.     At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

31.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

32.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

33.     Plaintiff was employed by Defendants and the alleged violations were committed against her during her time of employment and she is, therefore, an aggrieved

Page 5

COMPLAINT

Removal Exhibit B-040

employee.  Plaintiff and other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

34.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including, may pursue a civil action arising under PAGA after the following requirements have been met:

(a)     The aggrieved employee shall give written notice by certified mail (hereinafter "Employee's Notice") to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

(b)     The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

35.     On April 26, 2013 Plaintiff provided written notice by certified mail to the LWDA and to employer Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.

36.     As of the filing date of this complaint, over 33 days have passed since Plaintiff sent the notice to the LWDA as described above and the LWDA has not stated that it intends to investigate Plaintiff's claims.  Thus Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties and unpaid wages

Removal Exhibit B-041

1    against Defendants, in addition to other remedies, for violations of California Labor Code

2    sections 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198.

3                              **FIRST CAUSE OF ACTION**

4                     **Violation of California Labor Code §§ 2698,** *et seq.*

5                              **(Against all Defendants)**

6        37.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

7    and every allegation set forth above.

8        38.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover

9    civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code

10   section 2699.5.

11       39.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

12   plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

13   under this part at any time within 60 days of the time periods specified in this part."

14       40.    Defendants' conduct, as alleged herein, violates numerous sections of the

15   California Labor Code, including, but not limited to, the following:

16       (a)    Violations of Labor Code sections 510 and 1198 for Defendants' failure

17              to compensate Plaintiff and aggrieved employees with overtime wages

18              for all hours worked in excess of eight in one day or forty in one week

19              as set forth more fully below;

20       (b)    Violation of Labor Code sections 1194, 1197, and 1197.1 for

21              Defendants' failure to compensate Plaintiff and all aggrieved employees

22              with at least minimum wages for all hours worked as set forth more

23              fully below;

24       (c)    Violation of Labor Code sections 226.7 and 512(a) for Defendants'

25              failure to provide Plaintiff and other aggrieved employees with meal or

26              rest periods or compensation in lieu thereof, as set forth more fully

27              below;

28       (d)    Violation of Labor Code section 226(a) for failure to provide accurate

**Removal Exhibit B-042**

1    wage statements to Plaintiff and other aggrieved employees as set forth

2    more fully below;

3    (e)    Violation of Labor Code section 204 for failure to pay all earned wages

4    owed to Plaintiff and other aggrieved employees during employment as

5    set forth more fully below; and

6    (f)    Violation of Labor Code sections 201, 202, and 203 for failure to pay all

7    unpaid wages upon termination as set forth more fully below.

8    **FAILURE TO PAY OVERTIME**

9    **VIOLATION OF LABOR CODE SECTIONS 510 AND 1198**

10    41.    California Labor Code section 1198 makes it illegal to employ an employee

11    under conditions of labor that are prohibited by the applicable wage order.  California Labor

12    Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

13    shall be the . . . standard conditions of labor for employees.  The employment of any employee

14    . . . under conditions of labor prohibited by the order is unlawful."

15    42.    California Labor Code section 1198 and the applicable Industrial Welfare

16    Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

17    compensating them at a rate of pay either time-and-one-half or two-times that person's regular

18    rate of pay, depending on the number of hours worked by the person on a daily or weekly

19    basis.

20    43.    Specifically, the applicable IWC Wage Order provides that Defendants are and

21    were required to pay Plaintiff and aggrieved employees by Defendants, and working more

22    than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-

23    and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40)

24    hours in a workweek.

25    44.    The applicable IWC Wage Order further provides that Defendants are and were

26    required to pay Plaintiff and aggrieved employees by Defendants, and working more than

27    twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate

28    of pay.

COMPLAINT

**Removal Exhibit B-043**

45.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

46.     During the relevant time period, Plaintiff and other aggrieved employees worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.  Plaintiff and aggrieved employees worked off-the-clock before scheduled shifts and during meal periods as a result of Defendants' scheduling practices and policies and because Defendants discouraged the payment of any overtime hours.  Defendants did not want Plaintiff and aggrieved employees working hours beyond their scheduled shift.  For instance, Defendants instructed Plaintiff and aggrieved employees to clock in and out according to their scheduled shift, including their scheduled meal periods, regardless of the hours they actually worked.  However, Plaintiff and aggrieved employees would have to work beyond their scheduled shifts because Defendants would schedule too many blood samples and other work for the phlebotomists and would not staff enough employees to handle the work.  Defendants would often schedule only one phlebotomist to work for several hours thereby making the one phlebotomist unable to complete work during scheduled hours and unable to leave work for breaks due to lack of coverage.  Moreover, Plaintiff and aggrieved employees would work through part or all of their meal periods, while off-the-clock, in order to get assigned work completed.  Because Plaintiff and aggrieved employees worked shifts of approximately forty hours per week, some of this off-the-clock work qualified for overtime payment.  Plaintiff and aggrieved employees were also denied double-time when they worked more than twelve hours in a shift.  Defendants' failing to pay Plaintiff and aggrieved employees the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

Removal Exhibit B-044

47.     Pursuant to California Labor Code section 1194, Plaintiff and aggrieved employees are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## FAILURE TO PAY MINIMUM WAGES
### VIOLATION OF LABOR CODE SECTIONS 1194, 1197 AND 1197.1

48.     At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

49.     As described above, Plaintiff and aggrieved employees worked off-the-clock as a result of Defendants' scheduling and discouragement of the payment of overtime.  To the extent the off-the-clock hours did not qualify for overtime payment, Plaintiff and aggrieved employees were not paid even minimum wages for this time.  Also, Plaintiff and aggrieved employees were not paid even minimum wage for all of the hours they worked as a result of this off-the-clock.  Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and aggrieved employees for all of the hours they worked in violation of California Labor Code sections 1194, 1197 and 1197.1.

50.     Defendants' failure to pay Plaintiff and aggrieved employees the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiff and aggrieved employees are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

51.     Pursuant to California Labor Code section 1194.2, Plaintiff and aggrieved employees are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FAILURE TO PROVIDE MEAL PERIODS
### VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512

52.     At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

COMPLAINT

**Removal Exhibit B-045**

1    512(a) were applicable to Plaintiff's and the other aggrieved employees' employment by

2    Defendants and each of them.

3         53.    At all relevant times herein set forth, California Labor Code section 226.7

4    provides that no employer shall require an employee to work during any meal period

5    mandated by an applicable order of the California Industrial Welfare Commission (IWC).

6         54.    At all relevant times herein set forth, California Labor Code section 512(a)

7    provides that an employer may not require, cause, or permit an employee to work for a period

8    of more than five (5) hours per day without providing the employee with a meal period of not

9    less than thirty (30) minutes, except that if the total work period per day of the employee is

10   not more than six (6) hours, the meal period may be waived by mutual consent of both the

11   employer and the employee.

12        55.    During the relevant time period, Plaintiff and other aggrieved employees

13   scheduled to work for a period of time no longer than six (6) hours, and who did not waive

14   their legally mandated meal periods by mutual consent, were required to work for periods

15   longer than five (5) hours without a meal period of not less than thirty (30) minutes.

16        56.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

17   Order(s) and California Labor Code section 226.7(b), Plaintiff and other aggrieved employees

18   are entitled to recover from Defendants one (1) additional hour of pay at the employee's

19   regular hourly rate of compensation for each work day that the meal period was not provided.

20        57.    During the relevant time period, Defendants willfully required Plaintiff and

21   aggrieved employees to work during meal periods and failed to compensate Plaintiff and

22   aggrieved employees for missed meal periods.  For example, as stated above Defendants did

23   not take efforts to provide meal periods to Plaintiff and aggrieved employees but instead

24   required Plaintiff and aggrieved employees to complete tasks and forgo breaks because of the

25   amount of work they needed to complete and because there were insufficient phlebotomists

26   scheduled to handle the work.  Also, Defendants scheduled Plaintiff and other aggrieved

27   employees to start at 7:00 a.m. and then required them to work to prepare blood samples for

28   the couriers who arrived at 12:00 p.m. thereby causing Plaintiff and aggrieved employees to

Page 11
COMPLAINT

**Removal Exhibit B-046**

1    take late meal periods if any meal period was taken at all.  Plaintiff and aggrieved employees

2    were required to work through their meal periods, take late meal periods, or take shortened or

3    interrupted meal periods.  Defendants also had no policy or practice to pay premiums when

4    compliant meal periods were not provided.  Accordingly, Defendants failed to pay Plaintiff

5    and aggrieved employees the full meal period premiums due in violation of the applicable

6    Industrial Welfare Commission (IWC) Wage Order(s), and California Labor Code sections

7    226.7 and 512(a).

8          58.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

9    Order(s) and California Labor Code section 226.7(b), Plaintiff and other aggrieved employees

10   are entitled to recover from Defendants one (1) additional hour of pay at the employee's

11   regular hourly rate of compensation for each work day that the meal period was not provided.

12                        **FAILURE TO PROVIDE REST PERIODS**

13                   **VIOLATION OF LABOR CODE SECTION 226.7**

14         59.    At all relevant times herein set forth, the applicable IWC Wage Order and

15   California Labor Code section 226.7 were applicable to Plaintiff's and aggrieved employees'

16   employment by Defendants.

17         60.    At all relevant times, California Labor Code section 226.7 provides that no

18   employer shall require an employee to work during any rest period mandated by an applicable

19   order of the California IWC.

20         61.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

21   employer shall authorize and permit all employees to take rest periods, which insofar as

22   practicable shall be in the middle of each work period" and that the "rest period time shall be

23   based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

24   hours or major fraction thereof" unless the total daily work time is less than three and one-half

25   (3½) hours.

26         62.    Pursuant to the applicable IWC Wage Order and California Labor Code section

27   226.7(b), Plaintiff and aggrieved employees are entitled to recover from Defendants one (1)

28   additional hour of pay at the employee's regular hourly rate of compensation for each work

COMPLAINT

**Removal Exhibit B-047**

1    day that the rest period was not provided.

2          63.    During the relevant time period, Defendants required Plaintiff and aggrieved

3    employees to work four (4) or more hours without authorizing or permitting a ten (10) minute

4    rest period per each four (4) hour period worked.  As with meal periods, Defendants did not

5    take efforts to provide Plaintiff and aggrieved employees with compliant rest breaks but

6    instead required Plaintiff and aggrieved employees to miss all or part of their rest breaks in

7    order to finish work within their scheduled hours.  Defendants also had no policy and/or

8    practice to pay a premium when rest periods were missed and thus failed to pay Plaintiff and

9    aggrieved employees the full rest period premium due in violation of California Labor Code

10   section 226.7 and the applicable Industrial Welfare Commission Wage Order.

11         64.    Pursuant to the applicable IWC Wage Order and California Labor Code section

12   226.7(b), Plaintiff and aggrieved employees are entitled to recover from Defendants one (1)

13   additional hour of pay at the employee's regular hourly rate of compensation for each work

14   day that the rest period was not provided.

15                **FAILURE TO PROVIDE COMPLIANT WAGE STATEMENTS**

16                  **VIOLATION OF LABOR CODE SECTION 226(a)**

17         65.    At all material times set forth herein, California Labor Code section 226(a)

18   provides that every employer shall furnish each of his or her employees an accurate itemized

19   wage statement in writing, including, but not limited to, the name and address of the legal

20   entity that is the employer, total hours worked, and all applicable hourly rates.

21         66.    Defendants have intentionally and willfully failed to provide employees with

22   complete and accurate wage statements.  The deficiencies include, among other things, the

23   failure to state all hours worked as a result of not recording or stating the hours they worked

24   off-the-clock.

25         67.    As a result of Defendants' violation of California Labor Code section 226(a),

26   Plaintiff and aggrieved employees have suffered injury and damage to their statutorily

27   protected rights.

28         68.    Specifically, Plaintiff and aggrieved employees have been injured by

Page 13
COMPLAINT

**Removal Exhibit B-048**

1   Defendants' intentional violation of California Labor Code section 226(a) because they were

2   denied both their legal right to receive, and their protected interest in receiving, accurate,

3   itemized wage statements under California Labor Code section 226(a).  In addition, because

4   Defendants failed to provide the accurate number of total hours worked on wage statements,

5   Plaintiff has been prevented by Defendants from determining if all hours worked were paid

6   and the extent of the underpayment.  Plaintiff has had to file this lawsuit, conduct discovery,

7   reconstruct time records, and perform computations in order to analyze whether in fact

8   Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to

9   incur expenses and lost time.  Plaintiff would not have had to engage in these efforts and incur

10   these costs had Defendants provided the accurate number of total hours worked.  This has also

11   delayed Plaintiff's ability to demand and recover the underpayment of wages from

12   Defendants.

13        69.    Plaintiff and aggrieved employees are entitled to recover from Defendants the

14   greater of their actual damages caused by Defendants' failure to comply with California Labor

15   Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

16   employee.

17                    **FAILURE TO PAY WAGES UPON TERMINATION**

18           **VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

19        70.    At all times herein set forth, California Labor Code sections 201 and 202

20   provide that if an employer discharges an employee, the wages earned and unpaid at the time

21   of discharge are due and payable immediately, and that if an employee voluntarily leaves his

22   or her employment, his or her wages shall become due and payable not later than seventy-two

23   (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

24   his or her intention to quit, in which case the employee is entitled to his or her wages at the

25   time of quitting.

26        71.    During the relevant time period, Defendants willfully failed to pay aggrieved

27   employees who are no longer employed by Defendants the earned and unpaid wages set forth

28   above, including but not limited to, overtime wages, minimum wages, and meal and rest

COMPLAINT

**Removal Exhibit B-049**

1  period premium wages, either at the time of discharge, or within seventy-two (72) hours of

2  their leaving Defendants' employ.

3      72.    Defendants' failure to pay those aggrieved employees who are no longer

4  employed by Defendants their wages earned and unpaid at the time of discharge, or within

5  seventy-two (72) hours of their leaving Defendants' employ, is in violation of California

6  Labor Code sections 201 and 202.

7      73.    California Labor Code section 203 provides that if an employer willfully fails

8  to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

9  shall continue as a penalty from the due date, and at the same rate until paid or until an action

10  is commenced; but the wages shall not continue for more than thirty (30) days.

11      74.    Aggrieved employees are entitled to recover from Defendants the statutory

12  penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a

13  thirty (30) day maximum pursuant to California Labor Code section 203.

14  **FAILURE TO PAY WAGES DURING EMPLOYMENT**

15  **VIOLATION OF LABOR CODE SECTION 204**

16      75.    California Labor Code section 204 requires that all wages earned by any person

17  in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

18  than those wages due upon termination of an employee, are due and payable between the 16th

19  and the 26th day of the month during which the labor was performed, and that all wages

20  earned by any person in any employment between the 16th and the last day, inclusive, of any

21  calendar month, other than those wages due upon termination of an employee, are due and

22  payable between the 1st and the 10th day of the following month. California Labor Code

23  section 204 also requires that all wages earned for labor in excess of the normal work period

24  shall be paid no later than the payday for the next regular payroll period. During the relevant

25  time period, Defendants failed to pay Plaintiff and aggrieved employees all wages due to

26  them, including, but not limited to, overtime wages, minimum wages, and meal and rest

27  period premium wages, within any time period specified by California Labor Code section

28  204.

**Removal Exhibit B-050**

76.     California Labor Code section 210 provides: "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

77.     Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

78.     Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

79.     As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the Industrial Welfare commission.  Accordingly, Plaintiff seeks the remedies set forth in Labor Code section 558 for herself, the State of California, and all other aggrieved employees.

80.     Pursuant to PAGA, and in particular California Labor Code sections 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other

COMPLAINT

**Removal Exhibit B-051**

1  aggrieved employees, and the State of California against Defendants, in addition to other

2  remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 226(a),

3  226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198.

**REQUEST FOR JURY TRIAL**

5  Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

7  Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

8  against Defendants, jointly and severally, as follows:

9  1.  For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

10  excess of twenty-five thousand dollars ($25,000).

**As to the First Cause of Action**

12  2.  That the Court declare, adjudge and decree that Defendants violated the

13  following California Labor Code sections as to Plaintiff and aggrieved employees: 510 and

14  1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay at least

15  minimum wages for all hours worked); 226.7 and 512(a) (by failing to provide meal or rest

16  periods or compensation in lieu thereof); 226(a) (by failing to provide accurate wage

17  statements); 201, 202, 203 (by failing to timely pay all unpaid wages upon termination), and

18  204 (by failing to timely pay all earned wages during employment).

19  3.  For civil penalties for conduct occurring any time between one year prior to the

20  filing of this complaint and judgment, and unpaid wages for conduct occurring any time

21  between three years prior to the filing of this complaint and judgment, pursuant to California

22  Labor Code sections 2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees,

23  for violations of California Labor Code sections 201, 202, 203, 204, 210, 226(a), 226.7, 510,

24  512(a), 1194, 1197, 1197.1, and 1198; and

25  ///

26  ///

27  ///

28

Page 17

COMPLAINT

**Removal Exhibit B-052**

4.     For such other and further relief as the Court may deem equitable and
appropriate.

Dated: May 30, 2013                          Respectfully submitted,

Capstone Law APC

By:

Miriam Schimmel
Katherine Den Bleyker
Jonathan Lee

Attorneys for Plaintiff Christine Bohlander

Page 18

COMPLAINT

**Removal Exhibit B-053**

EXHIBIT C

Conformed Copy

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 06 2013

John A. Clarke, Executive Officer/Clerk
BY Christina Grijalva, Deputy
Christina Grijalva

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LABORATORY CORPORATION OF AMERICA, a Delaware corporation doing business as LABCORP; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation doing business as LABCORP; ANTOINETTE HUGGINS, an individual; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEMUEL ANDRES, MARK TAKAHASHI, individually as aggrieved employees and on behalf of others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
| Superior Court of State of California - Los Angeles County | **BC511308** |
| 111 North Hill Street, Los Angeles, California 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Miriam L. Schimmel (SBN 185089), Katherine DenBleyker (SBN 257187), Jonathan S. Lee (SBN 267146)
Capstone Law APC, 1840 Century Park East, Suite 450, Los Angeles, California 90067; Tel. No.: (310) 556-4811

| DATE: *(Fecha)* | John A. Clarke | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

JUN 06 2013

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

**Removal Exhibit C-054**

● ORIGINAL ●

A6024
90015

1  Miriam Schimmel (SBN 185089)
   Miriam.Schimmel@capstonelawyers.com
2  Katherine Den Bleyker (SBN 257187)
   Katherine.DenBleyker@capstonelawyers.com
3  Jonathan Lee (SBN 267146)
   Jonathan.Lee@capstonelawyers.com
4  Capstone Law APC
   1840 Century Park East, Suite 450
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiffs Jemuel Andres
   and Mark Takahashi

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 0 6 2013

John A. Clarke, Executive Officer/Clerk

BY _____ Deputy
    Cristina Grijalva

D322  Lee Smalley Edmon

8
9   SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
11  FOR THE COUNTY OF LOS ANGELES

12  | JEMUEL ANDRES, MARK | Case No.: BC511308 |
13  | TAKAHASHI, individually as aggrieved employees and on behalf of others similarly situated, | **CLASS ACTION COMPLAINT AND ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** |

Plaintiffs,

vs.

LABORATORY CORPORATION OF AMERICA, a Delaware corporation doing business as LABCORP; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation doing business as LABCORP; ANTOINETTE HUGGINS, an individual; and DOES 1 through 100, inclusive,

Defendants.

(1)  Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2)  Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(3)  Violation of California Labor Code §§ 226.7 & 512(a) (Unpaid Meal Period Premiums);
(4)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(5)  Violation of California Labor Code §226(a) (Non-Compliant Wage Statements);
(6)  Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(7)  Violation of Labor Code §§ 2698, *et seq.* ("PAGA"); and
(8)  Violation of California Business & Professions Code §§ 17200, *et seq.*

**Jury Trial Demanded**

CLASS ACTION AND PAGA COMPLAINT

Plaintiffs Jemuel Andres and Mark Takahashi ("Plaintiffs"), individually and on behalf of all other aggrieved employees as set forth herein, allege as follows:

## INTRODUCTION

1.     This is class action and enforcement action under California Civil Procedure Code section 382 and the Labor Code Private Attorneys General Act of 2004, California Labor Code section 2698 et seq. ("PAGA") to recover wages, civil penalties, and all other available relief on behalf of Plaintiffs, the State of California, and all other employees of Defendants employed as "couriers" by Defendants in California and suffered one or more of the Labor Code violations set forth in this complaint.

2.     Defendants operate a laboratory testing and services company and utilize couriers to circulate testing equipment and samples to and from various medical facilities, homes and laboratories etc.

3.     As set forth more fully below, Defendants have violated various sections of the California Labor Code and applicable Industrial Welfare Commission Wage Order including, but not limited to, to meal breaks, rest breaks, overtime and minimum wages, etc.

## JURISDICTION AND VENUE

4.     The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. Plaintiffs allege that the amount in controversy for each Plaintiff, including claims for monetary damages, restitution, penalties, injunctive relief, and a pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000) and that the aggregate amount in controversy for the proposed class action, including monetary damages, restitution, penalties, injunctive relief, and attorneys' fees, is less than five million dollars ($5,000,000), exclusive of interest and costs.  Plaintiffs reserve the right to seek a larger amount based upon new and different information resulting from investigation and discovery.

5.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

CLASS ACTION AND PAGA COMPLAINT

Removal Exhibit C-056

6.    This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

7.    Venue is proper in this Court because Defendants employ persons in this county and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.

8.    California Labor Code sections 2699 *et seq.*, the "Labor Code Private Attorneys Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil penalties under the California Labor Code.

9.    On, April 23, 2013 and May 1, 2013 Plaintiffs timely provided notice to the California Labor and Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor Code section 2699.3.

## THE PARTIES

10.    Plaintiff JEMUEL ANDRES is a resident of Torrance, California in Los Angeles County.

11.    Plaintiff MARK TAKAHASHI is a resident of Glendale, California, in Los Angeles County.

12.    Defendant LABORATORY CORPORATION OF AMERICA, was and is, upon information and belief, a Delaware corporation doing business as "LabCorp" and, at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

13.    Defendant LABORATORY CORPORATION OF AMERICA HOLDINGS, was and is, upon information and belief, a Delaware corporation doing business as "LabCorp" and, at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

14.    Defendant ANTOINETTE HUGGINS was and is, upon information and belief,

Page 2

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-057**

1   an individual residing in the state of California, and was the Store Manager for the retail store

2   location where Plaintiffs worked.  Pursuant to California Labor Code section 558 and PAGA,

3   ANTOINETTE HUGGINS is named as a "person acting on behalf of an employer" who

4   violated, and caused to be violated, various sections of Division 2, Part 2, Chapter 1, and

5   various sections of the applicable Industrial Welfare Commission Order which regulate days

6   and hours of work by enforcing and/or implementing LABORATORY CORPORATION OF

7   AMERICA HOLDINGS' and/or LABORATORY CORPORATION OF AMERICA's policies

8   and procedures.  Only civil penalties and unpaid wages are sought against ANTOINETTE

9   HUGGINS pursuant to Labor Code section 558.

10       15.     Plaintiffs are unaware of the true names or capacities of the Defendants sued

11   herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

12   amend the complaint and serve such fictitiously named Defendants once their names and

13   capacities become known.  Plaintiffs are informed and believe, and thereon alleges, that

14   DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of

15   LABORATORY CORPORATION OF AMERICA HOLDINGS and/or LABORATORY

16   CORPORATION OF AMERICA at all relevant times.

17       16.     Plaintiffs are informed and believe, and thereon allege, that each and all of the

18   acts and omissions alleged herein were performed by, or are attributable to, LABORATORY

19   CORPORATION OF AMERICA HOLDINGS, LABORATORY CORPORATION OF

20   AMERICA, ANTOINETTE HUGGINS, and/or DOES 1 through 100 (collectively

21   "Defendants"), each acting as the agent, employee, alter ego, and/or joint venturer of, or

22   working in concert with, each of the other co-Defendants and was acting within the course and

23   scope of such agency, employment, joint venture, or concerted activity with legal authority to

24   act on the others' behalf.  The acts of any and all Defendants represent and were in accordance

25   with Defendants' official policy.

26       17.     At all relevant times, Defendants, and each of them, ratified each and every act

27   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

28   and abetted the acts and omissions of each and all the other Defendants in proximately causing

CLASS ACTION AND PAGA COMPLAINT

Removal Exhibit C-058

1    the damages herein alleged.

2         18.    Plaintiffs are informed and believe, and thereon allege, that each of said

3    Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

4    omissions, occurrences, and transactions alleged herein.

5                          **CLASS ACTION ALLEGATIONS**

6         19.    Plaintiffs bring this action on their own behalf, as well as on behalf of each and

7    all other persons similarly situated, and thus, seek class certification under California Code of

8    Civil Procedure section 382.

9         20.    All claims alleged herein arise under California law for which Plaintiffs seek

10   relief authorized by California law.

11        21.    Plaintiffs' proposed class consists of and is defined as follows:

12              All persons who are or were employed by Defendants as
                Couriers within four years prior to the filing of this complaint
13              until the date of certification ("Class").

14        22.    Plaintiffs' proposed subclass consists of and is defined as follows:

              All persons who are or were employed by Defendants as
15              Couriers within one year prior to the filing of this complaint
                until the date of certification ("Subclass").

16        23.    Plaintiffs reserve the right to redefine the class and subclass and to add

17   additional subclasses as appropriate based on discovery and specific theories of liability.

18        24.    Members of the Class and Subclass will be referred to hereinafter as "class

19   members."

20        25.    There are common questions of law and fact as to class members that

21   predominate over questions affecting only individual members, including, but not limited to:

22              (a)    Whether Defendants required Plaintiffs and class members to work off-

23                     the-clock without payment;

24              (b)    Whether Defendants required Plaintiffs and class members to work over

25                     eight (8) hours per day, over twelve (12) hours per day, and/or over

26                     forty (40) hours per week and failed to pay legally required overtime

27                     compensation to Plaintiffs and class members;

28              (c)    Whether Defendants failed to pay at least minimum wages for all hours

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-059**

1    worked by Plaintiffs and class members;

2    (d)    Whether Defendants deprived Plaintiffs and class members of meal

3    periods or required Plaintiffs and class members to work during meal

4    periods without compensation;

5    (e)    Whether Defendants deprived Plaintiffs and class members of rest

6    periods or required Plaintiffs and class members to work during rest

7    periods without compensation;

8    (f)    Whether Defendants complied with wage reporting as required by

9    California Labor Code section 226(a);

10    (g)    Whether Defendants failed to timely pay unpaid overtime wages,

11    minimum wages, and meal and rest period premiums to Plaintiffs and

12    class members during their employment;

13    (h)    Whether Defendants failed to pay unpaid overtime wages, minimum

14    wages, and meal and rest period premiums due to Plaintiffs and class

15    members upon their discharge;

16    (i)    Whether Defendants unlawfully deducted wages from Plaintiffs and

17    class members without proper authorization;

18    (j)    Whether Defendants engaged in unfair business practices in violation of

19    California Business & Professions Code sections 17200, *et seq.*; and

20    (k)    The appropriate amount of damages, restitution, or monetary penalties

21    resulting from Defendants' violations of California law.

22    26.    There is a well-defined community of interest in the litigation and the class

23    members are readily ascertainable:

24    (a)    <u>Numerosity</u>: The class members are so numerous that joinder of all

25    members would be unfeasible and impractical.  The membership of the

26    entire class is unknown to Plaintiffs at this time; however, the class is

27    estimated to be greater than one hundred (100) individuals and the

28    identity of such membership is readily ascertainable by inspection of

Page 5

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-060**

1    Defendants' employment records.

2    (b)   Typicality:  Plaintiffs are qualified to, and will, fairly and adequately

3    protect the interests of each class member with whom they have a well-

4    defined community of interest, and Plaintiffs' claims (or defenses, if

5    any) are typical of all class members as demonstrated herein.

6    (c)   Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately

7    protect the interests of each class member with whom they have a well-

8    defined community of interest and typicality of claims, as demonstrated

9    herein.  Plaintiffs acknowledge that they have an obligation to make

10   known to the Court any relationship, conflicts or differences with any

11   class member.  Plaintiffs' attorneys, the proposed class counsel, are

12   versed in the rules governing class action discovery, certification, and

13   settlement.  Plaintiffs have incurred, and throughout the duration of this

14   action, will continue to incur costs and attorneys' fees that have been,

15   are, and will be necessarily expended for the prosecution of this action

16   for the substantial benefit of each class member.

17   (d)   Superiority:  The nature of this action makes the use of class action

18   adjudication superior to other methods.   A class action will achieve

19   economies of time, effort and expense as compared with separate

20   lawsuits, and will avoid inconsistent outcomes because the same issues

21   can be adjudicated in the same manner and at the same time for the

22   entire class.

23   (e)   Public Policy Considerations:  Employers in the State of California

24   violate employment and labor laws every day.  Current employees are

25   often afraid to assert their rights out of fear of direct or indirect

26   retaliation.  Former employees are fearful of bringing actions because

27   they believe their former employers might damage their future

28   endeavors through negative references and/or other means.  Class

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-061**

1   actions provide the class members who are not named in the complaint

2   with a type of anonymity that allows for the vindication of their rights

3   while simultaneously protecting their privacy.

4        **GENERAL ALLEGATIONS**

5   27.  Defendants operate a laboratory testing and services company using couriers to

6 transport testing supplies and equipment and test samples to and from various locations

7 including medical facilities, doctors' offices, and laboratories.  Defendants employ more than

8 30,000 persons nationwide and are a publicly traded corporation.

9   28.  Defendants employed Plaintiff Jemuel Andres as a courier from July 1, 2009 to

10 December 24, 2012 in the Los Angeles County area.

11   29.  Defendants employed Plaintiff Mark Takahashi as a courier from March 2007

12 to September 2012 in the Los Angeles County area.

13   30.  Defendants continue to employ couriers in various locations throughout

14 California.

15   31.  Plaintiffs are informed and believe, and thereon allege, that at all times herein

16 mentioned, Defendants were advised by skilled lawyers and other professionals, employees

17 and advisors knowledgeable about California labor and wage law, employment and personnel

18 practices, and about the requirements of California law.

19   32.  Plaintiffs are informed and believe, and thereon allege, that aggrieved

20 employees were not paid for all hours worked, because all hours worked were not recorded.

21   33.  Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

22 should have known that Plaintiffs and class members were entitled to receive certain wages

23 for overtime compensation and that they were not receiving certain wages for overtime

24 compensation.

25   34.  Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

26 should have known that Plaintiffs and class members were entitled to receive at least

27 minimum wages for compensation and that, in violation of the California Labor Code, they

28 were not receiving at least minimum wages for work done off-the-clock.

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-062**

35.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs' and aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs' and aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted meal period.

36.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs' and aggrieved employees' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs' and aggrieved employees' regular rate of pay when a rest period was missed.

37.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that they were not permitted to deduct wages from Plaintiffs and class members without authorization but did so.

38.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that they were not permitted to compel or coerce Plaintiffs and class members to patronize their business in the purchase of any thing of value but did in fact require Plaintiffs and class members to purchase various things, including company vehicle leases.

39.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiffs and class members were not provided complete and accurate wage statements.

40.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of

CLASS ACTION AND PAGA COMPLAINT

1  wages during their employment.  In violation of the California Labor Code, Plaintiffs and

2  class members did not receive payment of all wages, including, overtime wages, minimum

3  wages, and meal and rest period premium wages, within permissible time periods.

4       41.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

5  should have known that Plaintiffs and class members were entitled to receive all wages upon

6  termination, including, minimum wages, overtime wages, and meal and rest period premium

7  wages.

8       42.    At all times herein set forth, PAGA was applicable to Plaintiffs' employment

9  by Defendants.

10       43.    At all times herein set forth, PAGA provides that any provision of law under

11  the California Labor Code that provides for a civil penalty to be assessed and collected by the

12  LWDA for violations of the California Labor Code may, as an alternative, be recovered

13  through a civil action brought by an aggrieved employee on behalf of himself and other

14  current or former employees pursuant to procedures outlined in California Labor Code section

15  2699.3.

16       44.    Pursuant to PAGA, a civil action under PAGA may be brought by an

17  "aggrieved employee," who is any person that was employed by the alleged violator and

18  against whom one or more of the alleged violations was committed.

19       45.    Plaintiffs were employed by Defendants and the alleged violations were

20  committed against them during their time of employment and they are, therefore, aggrieved

21  employees.  Plaintiffs and other employees are "aggrieved employees" as defined by

22  California Labor Code section 2699(c) in that they are all current or former employees of

23  Defendants, and one or more of the alleged violations were committed against them.

24       46.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

25  employee, including, may pursue a civil action arising under PAGA after the following

26  requirements have been met:

27           (a)    The aggrieved employee shall give written notice by certified mail

28                (hereinafter "Employee's Notice") to the LWDA and the employer of

Page 9

CLASS ACTION AND PAGA COMPLAINT

1  the specific provisions of the California Labor Code alleged to have

2  been violated, including the facts and theories to support the alleged

3  violations.

4  (b) The LWDA shall provide notice (hereinafter "LWDA Notice") to the

5  employer and the aggrieved employee by certified mail that it does not

6  intend to investigate the alleged violation within thirty (30) calendar

7  days of the postmark date of the Employee's Notice. Upon receipt of

8  the LWDA Notice, or if the LWDA Notice is not provided within thirty-

9  three (33) calendar days of the postmark date of the Employee's Notice,

10  the aggrieved employee may commence a civil action pursuant to

11  California Labor Code section 2699 to recover civil penalties in addition

12  to any other penalties to which the employee may be entitled.

13  47. On April 23, 2013 and May 1, 2013 Plaintiffs provided written notice by

14  certified mail to the LWDA and to employer Defendants of the specific provisions of the

15  California Labor Code alleged to have been violated, including the facts and theories to

16  support the alleged violations, pursuant to California Labor Code section 2699.3.

17  48. As of the date this complaint was filed, over 33 days have passed since

18  Plaintiffs sent their notices to the LWDA and the LWDA has not stated that it intends to

19  investigate Plaintiffs' claims. Thus, Plaintiffs have satisfied the administrative prerequisites

20  under California Labor Code section 2699.3(a) to recover civil penalties and unpaid wages

21  against Defendants, in addition to other remedies, for violations of California Labor Code

22  sections 201, 202, 203, 204, 210, 221, 224, 226(a), 226.7, 450, 510, 512(a), 1194, 1197,

23  1197.1, and 1198.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against All Defendants)**

27  49. Plaintiffs incorporate by reference and re-allege as if fully stated herein each

28  and every allegation set forth above.

CLASS ACTION AND PAGA COMPLAINT

Removal Exhibit C-065

50.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

51.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

52.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

53.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and class members by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

54.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

55.     During the relevant time period, Plaintiffs and class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.  Plaintiffs and class members worked off-the-clock before scheduled shifts, during meal periods, and after scheduled shifts as a result of Defendants' scheduling

CLASS ACTION AND PAGA COMPLAINT

Removal Exhibit C-066

1   practices and policies and because Defendants discouraged the payment of any overtime

2   hours.  For example, Defendants would schedule deliveries for Plaintiffs and class members'

3   entire working shift such that there was insufficient or no time to take compliant meal periods.

4   Instead, Plaintiffs and class members would have to work through all or part of their meal

5   periods.  Plaintiffs and class members would be disciplined if they were late to scheduled

6   pick-up or deliveries.  At the same time, in an effort to avoid paying meal period premiums,

7   Defendants also required Plaintiffs and class members to confirm or verify having taken a

8   compliant meal period when they had not.  This requirement was, upon information and

9   belief, a condition of their continued employment or payment of wages.  Thus, Defendants did

10  not pay Plaintiffs and class members for the time they worked through their meal periods.

11  Plaintiffs and class members would also have to do work before their scheduled work shift

12  began to prepare routes, prepare specimens, and prepare coolers, etc.  Plaintiffs and class

13  members would also work off-the-clock after their scheduled shifts ended to finish routes that

14  were not able to be done during scheduled work hours due to traffic or other delays.

15  Defendants discouraged the payment of overtime hours and required Plaintiffs and class

16  members to omit and/or erase this time from their records and paychecks.  Because Plaintiffs

17  and class members worked shifts of approximately forty (40) hours per week, some of this

18  off-the-clock work qualified for overtime payment.  Plaintiffs and class members were also

19  denied double-time when they worked more than twelve (12) hours in a shift.

20          56.     Defendants' failing to pay Plaintiffs and class members the unpaid balance of

21  overtime compensation, as required by California law, violates the provisions of California

22  Labor Code sections 510 and 1198, and is therefore unlawful.

23          57.     Pursuant to California Labor Code section 1194, Plaintiffs and class members

24  are entitled to recover their unpaid overtime compensation, as well as interest, costs, and

25  attorneys' fees.

26

27

28

CLASS ACTION AND PAGA COMPLAINT

Removal Exhibit C-067

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

**(Against All Defendants)**

58.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

59.     At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

60.     As described above, Plaintiffs and class members worked off-the-clock as a result of Defendants' scheduling and discouragement of the payment of overtime.  To the extent the off-the-clock hours did not qualify for overtime payment, Plaintiffs and class members were not paid even minimum wages for this time.  Also, Plaintiffs and class members were not paid even minimum wage for all of the hours they worked as a result of this off-the-clock.  Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiffs and class members for all of the hours they worked in violation of California Labor Code sections 1194, 1197 and 1197.1.

61.     Defendants' failure to pay Plaintiffs and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

62.     Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-068**

# THIRD CAUSE OF ACTION

## Violations of California Labor Code, §§ 226.7 and 512(a)–Failure to Provide Meal Periods

### (Against All Defendants)

63.  Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

64.  At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other aggrieved employees' employment by Defendants and each of them.

65.  At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission (IWC).

66.  At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

67.  During the relevant time period, Plaintiffs and class members scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

68.  Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

69.  During the relevant time period, Defendants willfully required Plaintiffs and

Removal Exhibit C-069

1  class members to work during meal periods and failed to compensate Plaintiffs and class

2  members for missed meal periods.  For example, as stated above Defendants did not take

3  efforts to provide meal periods to Plaintiffs and class members but instead scheduled

4  deliveries in such a way as to not relieve Plaintiffs and class members of all work such that

5  they could take compliant breaks.  Plaintiffs and class members were required to instead work

6  through their meal periods, take late meal periods, or take shortened or interrupted meal

7  periods.  In an effort to avoid paying meal period premiums, Defendants also required

8  Plaintiffs and class members to confirm or verify having taken a compliant meal period.  This

9  requirement was, upon information and belief, a condition of continued employment or

10  payment of wages.  As a result, when meal periods were missed, Defendants failed to pay

11  Plaintiffs and class members the full meal period premiums due in violation of the applicable

12  Industrial Welfare Commission (IWC) Wage Order(s), and California Labor Code sections

13  226.7 and 512(a).

14       70.  Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

15  Order(s) and California Labor Code section 226.7(b), Plaintiffs and class members are entitled

16  to recover from Defendants one (1) additional hour of pay at the employee's regular hourly

17  rate of compensation for each work day that the meal period was not provided.

18  **FOURTH CAUSE OF ACTION**

19  **Violation of California Labor Code § 226.7—Failure to Provide Rest Periods**

20  **(Against All Defendants)**

21       71.  Plaintiffs incorporate by reference and re-allege as if fully stated herein each

22  and every allegation set forth above.

23       72.  At all relevant times herein set forth, the applicable IWC Wage Order and

24  California Labor Code section 226.7 were applicable to Plaintiffs' and aggrieved employees'

25  employment by Defendants.

26       73.  At all relevant times, California Labor Code section 226.7 provides that no

27  employer shall require an employee to work during any rest period mandated by an applicable

28  order of the California IWC.

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-070**

74.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

75.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

76.     During the relevant time period, Defendants required Plaintiffs and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  As with meal periods, Defendants did not take efforts to provide Plaintiffs and class members with compliant rest breaks but instead scheduled deliveries such that Plaintiffs and class members could not take all compliant rest breaks.  Defendants also had no policy and/or practice to pay a premium when rest periods were missed and thus failed to pay Plaintiffs and class members the full rest period premium due in violation of California Labor Code section 226.7 and the applicable Industrial Welfare Commission Wage Order.

77.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements

### (Against All Defendants)

78.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

Page 16

CLASS ACTION AND PAGA COMPLAINT

79.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

80.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to state all hours worked as a result of not recording or paying for hours worked off-the-clock.

81.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

82.     Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment.  Plaintiffs have had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time.  Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked.  This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

83.     Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-072**

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202–Wages Not Timely Paid Upon

### Termination

### (Against All Defendants)

84.     Plaintiffs incorporate by reference and re-allege as if fully stated herein each and every allegation set forth above.

85.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

86.     During the relevant time period, Defendants willfully failed to pay aggrieved employees who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

87.     Defendants' failure to pay Plaintiffs and those aggrieved employees who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

88.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

89.     Plaintiffs and class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up

Removal Exhibit C-073

1    to a thirty (30) day maximum pursuant to California Labor Code section 203.

2                        **SEVENTH CAUSE OF ACTION**

3                **Violation of California Labor Code §§ 2698, *et seq.***

4                            **(Against all Defendants)**

5        90.    Plaintiffs incorporate by reference and re-allege as if fully stated herein each

6    and every allegation set forth above.

7        91.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiffs to recover

8    civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code

9    section 2699.5.

10       92.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

11   plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

12   under this part at any time within 60 days of the time periods specified in this part."

13       93.    Defendants' conduct, as alleged herein, violates numerous sections of the

14   California Labor Code including, but not limited to, the following:

15            (a)    Violation of Labor Code sections 510 and 1198 for Defendants' failure

16                   to pay overtime wages to Plaintiffs and other aggrieved employees, as

17                   set forth herein;

18            (b)    Violation of Labor Code sections 1194, 1197, and 1197.1 for

19                   Defendants' failure to compensate Plaintiffs and other aggrieved

20                   employees for all hours worked with at least minimum wages, as set

21                   forth herein;

22            (c)    Violation of Labor Code sections 226.7 and 512(a) for Defendants'

23                   failure to provide Plaintiffs and other aggrieved employees with meal

24                   and rest periods or compensation in lieu thereof, as set forth herein;

25            (d)    Violation of Labor Code section 226(a) for failure to provide accurate

26                   wage statements to Plaintiffs and other aggrieved employees as set forth

27                   herein;

28

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-074**

(e)  Violation of Labor Code sections 201, 202, and 203 for failing timely to pay all earned wages to Plaintiffs and other aggrieved employees upon discharge, as set forth herein;

(f)  Violation of Labor Code section 204 for failing to pay all earned wages owed to Plaintiffs and other aggrieved employees during employment as set forth more fully below;

(g)  Violation of Labor Code sections 221 and 224 for unlawfully deducting wages previously paid to Plaintiffs and other aggrieved employees as set forth more fully below; and

(h)  Violation of Labor Code section 450 for compelling and/or coercing Plaintiffs and other aggrieved employees to patronize Defendants' business as set forth more fully below.

94.  California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."   In violating the above cited sections, Defendants have also violated the applicable wage order and thus Labor Code section 1198.

95.  California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  During the relevant

CLASS ACTION AND PAGA COMPLAINT

1    time period, Defendants failed to pay Plaintiffs and other aggrieved employees all wages due

2    to them, including, but not limited to, overtime wages, minimum wages, and meal and rest

3    period premium wages, within any time period specified by California Labor Code section

4    204.

5         96.    California Labor Code sections 221 and 224 provide that it is unlawful for any

6    employer to collect or receive from an employee any part of wages theretofore paid by said

7    employer to said employee without express written consent.  During the relevant time period,

8    Defendants collected a portion of wages previously paid to Plaintiffs and other aggrieved

9    employees.  For example, Defendants deducted wages for the value of gift cards distributed to

10   Plaintiffs and other aggrieved employees as part of a company incentive program without

11   obtaining proper authorization from Plaintiffs and class members.  Defendants' conduct as

12   alleged herein violates California Labor Code sections 221 and 224.

13        97.    At all relevant times herein set forth, California Labor Code section 450

14   provides that an employer may not "compel or coerce any employee, or applicant for

15   employment, to patronize his or her employer, or any other person, in the purchase of any

16   thing of value."  However, Defendants did compel and/or coerce Plaintiffs and other

17   aggrieved employees to purchase various items including, but not limited to, lease payments

18   for vehicles owned by Defendants, in violation of California Labor Code section 450.

19        98.    California Labor Code section 210 provides: "In addition to, and entirely

20   independent and apart from, any other penalty provided in this article, every person who fails

21   to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2,

22   205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial

23   violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each

24   subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for

25   each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

26        99.    Labor Code section 558(a) provides "[a]ny employer or other person acting on

27   behalf of an employer who violates, or causes to be violated, a section of this chapter or any

28   provision regulating hours and days of work in any order of the Industrial Welfare

Page 21

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-076**

1   Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty

2   dollars ($50) for each underpaid employee for each pay period for which the employee was

3   underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each

4   subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay

5   period for which the employee was underpaid in addition to an amount sufficient to recover

6   underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected

7   employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this

8   section are in addition to any other civil or criminal penalty provided by law."

9       100.   Defendants, at all times relevant to this complaint, were employers or persons

10   acting on behalf of an employer(s) who violated Plaintiffs' and other aggrieved employees'

11   rights by violating various sections of the California Labor Code as set forth above.

12       101.   As set forth above, Defendants have violated numerous provisions of both the

13   Labor Code sections regulating hours and days of work as well as the applicable order of the

14   Industrial Welfare commission.  Accordingly, Plaintiffs seek the remedies set forth in Labor

15   Code section 558 for themselves, the State of California, and all other aggrieved employees.

16       102.   Pursuant to PAGA, and in particular California Labor Code sections 2699(a),

17   2699.3, 2699.5 and 558, Plaintiffs, acting in the public interest as a private attorney general,

18   seek assessment and collection of unpaid wages and civil penalties for Plaintiffs, all other

19   aggrieved employees, and the State of California against Defendants, in addition to other

20   remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 221, 224,

21   226(a), 226.7, 450, 510, 512(a), 1194, 1197, 1197.1, and 1198.

22                **EIGHTH CAUSE OF ACTION**

23      **Violation of California Business & Professions Code §§ 17200, *et seq.***

24                  **(Against All Defendants)**

25       103.   Plaintiffs incorporate by reference and re-allege as if fully stated herein each

26   and every allegation set forth above.

27       104.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

28   unlawful and harmful to Plaintiffs, class members, and to the general public.  Plaintiffs seek to

**Removal Exhibit C-077**

1    enforce important rights affecting the public interest within the meaning of Code of Civil

2    Procedure section 1021.5.

3        105.    Defendants' activities, as alleged herein, are violations of California law, and

4    constitute unlawful business acts and practices in violation of California Business &

5    Professions Code sections 17200, *et seq.*

6        106.    A violation of California Business & Professions Code sections 17200, *et seq.*

7    may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

8    policies and practices have violated state law in at least the following respects:

9            (a)    Requiring non-exempt employees, including Plaintiffs and class

10                  members, to work overtime without paying them proper compensation

11                  in violation of California Labor Code sections 510 and 1198 and the

12                  applicable Industrial Welfare Commission Order;

13           (b)    Failing to pay at least minimum wage to Plaintiffs and class members in

14                  violation of California Labor Code sections 1194, 1197 and 1197.1 and

15                  the applicable Industrial Welfare Commission Order;

16           (c)    Failing to provide meal and rest periods or to pay premium wages for

17                  missed meal and rest periods to Plaintiffs and class members in

18                  violation of California Labor Code sections 226.7 and 512 and the

19                  applicable Industrial Welfare Commission Order;

20           (d)    Failing to provide Plaintiffs and class members with accurate wage

21                  statements in violation of California Labor Code section 226(a) and the

22                  applicable Industrial Welfare Commission Order;

23           (e)    Deducting wages already paid to Plaintiffs and class members without

24                  proper authorization in violation of California Labor Code sections 221

25                  and 224 and the applicable Industrial Welfare Commission Order;

26           (f)    Compelling and/or coercing Plaintiffs and class members to patronize

27                  Defendants' business in violation of California Labor Code section 450;

28                  and

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-078**

(g)     Failing to timely pay all earned wages to Plaintiffs and class members in violation of California Labor Code section 204 and the applicable Industrial Welfare Commission Order.

107.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiffs and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000).

### Class Certification

2.    That this case be certified as a class action;

3.    That Plaintiffs be appointed as representatives of the Class and Subclass;

4.    That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-079**

8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.      For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and class members;

11.     For general unpaid wages and such general and special damages as may be appropriate;

12.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC) Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and class members;

17.     That the Court make an award to the Plaintiffs and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

18.     For all actual, consequential, and incidental losses and damages, according to proof;

19.     For premiums pursuant to California Labor Code section 226.7(b);

20.     For pre-judgment interest on any unpaid meal period premiums from the date

**Removal Exhibit C-080**

1  such amounts were due; and

2  　　21.　　For such other and further relief as the Court may deem equitable and

3  appropriate.

4  **As to the Fourth Cause of Action**

5  　　22.　　That the Court declare, adjudge and decree that Defendants violated California

6  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

7  rest periods to Plaintiffs and class members;

8  　　23.　　That the Court make an award to the Plaintiffs and class members of one (1)

9  hour of pay at each employee's regular rate of compensation for each workday that a rest

10 period was not provided;

11 　　24.　　For all actual, consequential, and incidental losses and damages, according to

12 proof;

13 　　25.　　For premiums pursuant to California Labor Code section 226.7(b);

14 　　26.　　For pre-judgment interest on any unpaid rest period premiums from the date

15 such amounts were due; and

16 　　27.　　For such other and further relief as the Court may deem equitable and

17 appropriate.

18 **As to the Fifth Cause of Action**

19 　　28.　　That the Court declare, adjudge and decree that Defendants violated the

20 recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

21 Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized

22 wage statements thereto;

23 　　29.　　For all actual, consequential and incidental losses and damages, according to

24 proof;

25 　　30.　　For injunctive relief and statutory penalties pursuant to California Labor Code

26 sections 226(h) and 226(e); and

27 　　31.　　For such other and further relief as the Court may deem equitable and

28 appropriate.

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-081**

**As to the Sixth Cause of Action**

32.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201 and 202 by willfully failing to pay all overtime wages, minimum wages, and meal and rest period premium wages owed at the time of termination of the employment of Plaintiffs and other class members no longer employed by Defendants.

33.    For all actual, consequential and incidental losses and damages, according to proof;

34.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and all other class members who have left Defendants' employ;

35.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

36.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

37.    That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiffs and class members: 510 and 1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked); 226.7 and 512(a) (by failing to provide meal or rest periods or compensation in lieu thereof); 226(a) (by failing to provide accurate wage statements); 201, 202, 203 (by failing to timely pay all unpaid wages upon termination); 204 (by failing to timely pay all earned wages during employment); 221 and 224 (for improperly deduction wages already paid to Plaintiffs and class members without authorization) and 450 (for compelling and/or coercing Plaintiffs and class members to purchase things of value).

38.    For civil penalties for conduct occurring any time between one year prior to the filing of this complaint and judgment, and unpaid wages for conduct occurring any time between three years prior to the filing of this complaint and judgment, pursuant to California Labor Code sections 2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees, for violations of California Labor Code sections 201, 202, 203, 204, 210, 221, 224, 226(a),

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit C-082**

226.7, 450, 510, 512(a), 1194, 1197, 1197.1, and 1198; and

39.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

40.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to pay overtime compensation due, failing to pay at least minimum wages for all hours worked, failing to provide meal and rest periods or premium wages in lieu thereof, failing to pay unused, coercing and/or compelling Plaintiff and class members to purchase things of value, failing to provide accurate wage statements, failing timely to pay all earned wages during employment and upon termination, and making unauthorized deductions to wages;

41.     For restitution of unpaid wages to Plaintiffs and all class members and prejudgment interest from the day such amounts were due and payable;

42.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

43.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

44.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: June 6, 2013                          Respectfully submitted,

Capstone Law APC

By: _____
Miriam Schimmer
Katherine Den Bleyker
Jonathan Lee

Attorneys for Plaintiffs Jamuel Andres and
Mark Takahashi

Page 28

**Removal Exhibit C-083**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Miriam L. Schimmel (SBN 185089), Katherine Den Bleyker (SBN 257187)<br>Jonathan S. Lee (SBN 267146)<br>Capstone Law APC<br>1840 Century Park East, Suite 450, Los Angeles, California 90067 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |

TELEPHONE NO: (310) 556-4811   FAX NO: (310) 943-0396
ATTORNEY FOR (Name): Plaintiffs Jemuel Andres and Mark Takahashi

JUN 0 6 2013

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

John A. Clarke, Executive Officer/Clerk
By _Cristina Grijalva_ Deputy
Cristina Grijalva

CASE NAME:
Andres, et al. v. Laboratory Corporation of America, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>**BC511308** |
|---|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 6, 2013

Jonathan S. Lee
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Removal Exhibit C-084**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

**Removal Exhibit C-085**

# ORIGINAL 

| SHORT TITLE: Andres, et al. v. Laboratory Corporation of America, et al. | CASE NUMBER |
|---|---|
| | BC511308 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I**. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10-15 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

**Removal Exhibit C-086**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Andres, et al. v. Laboratory Corporation of America, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | ①, 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)                    **CIVIL CASE COVER SHEET ADDENDUM**                    Local Rule 2.0
LASC Approved 03-04                      **AND STATEMENT OF LOCATION**                              Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Andres, et al. v. Laboratory Corporation of America, et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B.**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Removal Exhibit C-088

| SHORT TITLE: Andres, et al. v. Laboratory Corporation of America, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8.  ☐9. ☐10. | ADDRESS:<br>1400 S Grand Avenue<br>Los Angeles, California 90015 |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90015 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 6, 2013_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Removal Exhibit C-089

# EXHIBIT D

COPY

1   GREENBERG TRAURIG, LLP
    MARK D. KEMPLE (SBN 145219)
2   BRYAN J. LAZARSKI (SBN 248349)
    ASHLEY M. FARRELL (SBN 271825)
3   1840 Century Park East, Suite 1900
    Los Angeles, California 90067
4   Telephone: (310) 586-7700
    Facsimile: (310) 586-7800
5   Email: kemplem@gtlaw.com
    Email: lazarskib@gtlaw.com
6   Email: farrella@gtlaw.com

7   Attorneys for Defendants
    LABORATORY CORPORATION OF AMERICA dba
8   LABCORP; LABORATORY CORPORATION OF AMERICA
    HOLDINGS

9

ENDORSED FILED
SOLANO SUPERIOR COURT

13 AUG 27 PM 1:34

**G. Ureta**

BY _____
       DEPUTY CLERK

10

11        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **FOR THE COUNTY OF SOLANO**

13

14   CHRISTINE BOHLANDER, individually
    as an aggrieved employee and on behalf of
15   others similarly situated,

16         Plaintiff,

17   vs.

18   LABORATORY CORPORATION OF
    AMERICA, a Delaware corporation doing
19   business as LABCORP; LABORATORY
    CORPORATION OF AMERICA
20   HOLDINGS, a Delaware corporation doing
    business as LABCORP; CYNTHIA
21   NELSON, an individual; and DOES 1
    through 100, inclusive,

22

23         Defendants.

CASE NO. FCS 041 765

**NOTICE OF ENTRY OF ORDER
GRANTING REQUEST FOR DISMIISSAL
OF ACTION WITHOUT PREJUDICE**

Date Action Filed:   May 30, 2013

24

25

26

27

28

ENTRY OF ORDER OF DISMISSAL

LA 131049401v1

FAXED

**Removal Exhibit D-090**

TO THIS COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

Attached hereto as Exhibit "A" is a true and correct copy of the *ORDER GRANTING REQUEST FOR DISMISSAL OF ACTION WITHOUT PREJUDICE*, signed by Hon. Harry S. Kinnicutt on August 15, 2013 and filed on August 16, 2013.

DATED:  August 27, 2013            GREENBERG TRAURIG, LLP

By _____
                                    Mark D. Kemple

Attorneys for Defendant, LABORATORY CORPORATION OF AMERICA dba LABCORP; LABORATORY CORPORATION OF AMERICA HOLDINGS

ENTRY OF ORDER OF DISMISSAL

LA 131049401v1

**Removal Exhibit D-091**

# Exhibit A

**Removal Exhibit D-092**

1  Miriam L. Schimmel (SBN 185089)
   Miriam.Schimmel@capstonelawyers.com
2  Katherine Den Bleyker (SBN 257187)
   Katherine.DenBleyker@capstonelawyers.com
3  Jonathan S. Lee (SBN 267146)
   Jonathan.Lee@capstonelawyers.com
4  Capstone Law APC
   1840 Century Park East, Suite 450
5  Los Angeles, California 90067
   Telephone:  (310) 556-4811
6  Facsimile:  (310) 943-0396

7  Attorneys for Plaintiff Christine Bohlander

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SOLANO

11

12  CHRISTINE BOHLANDER,              Case No.: FCS041765
    individually as an aggrieved employee
13  and on behalf of other aggrieved     CLASS ACTION AND ENFORCEMENT
    employees,                         UNDER THE PRIVATE ATTORNEYS
14                                     GENERAL ACT, CALIFORNIA LABOR
              Plaintiff,               CODE §§ 2698 ET SEQ.
15
         vs.                          ASSIGNED FOR ALL PURPOSES TO:
16                                    Judge:  Harry S. Kinnicutt
    LABORATORY CORPORATION OF         Dept.:  3
17  AMERICA, a Delaware corporation
    doing business as LABCORP;
18  LABORATORY CORPORATION OF         [PROPOSED] ORDER GRANTING
    AMERICA HOLDINGS, a Delaware      REQUEST FOR DISMISSAL OF
19  corporation doing business as     ACTION WITHOUT PREJUDICE
    LABCORP; CYNTHIA NELSON, an
20  individual; and DOES 1 through 100,  [California Rule of Court 3.770]
    inclusive,
21
              Defendants.
22

23

24

25

26

27

28

                              ORDER

1

## ORDER

2     The Court has read and considered Plaintiff Christine Bohlander's ("Plaintiff")

3 Request for Dismissal of Action Without Prejudice ("Request"), and any objections filed

4 thereto. Having read and considered Plaintiff's Request and having considered the

5 arguments of the parties, the Request is **HEREBY GRANTED.**

6     IT IS FURTHER ORDERED, pursuant to California Rule of Court 3.770(c),

7 that Plaintiff is not required to issue notice to class members because they will not be

8 prejudiced by this dismissal.

9

10     **IT IS SO ORDERED.**

11

12 Dated: _____ AUG 1 5 2013 _____

13                  Hon. Harry S. Kinnicutt
                 Solano County Superior Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Removal Exhibit D-094**

**PROOF OF SERVICE**

STATE OF CALIFORNIA,   )
                       )
COUNTY OF LOS ANGELES  )

  I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, California 90067.

  On **August 27, 2013,** I served the *NOTICE OF ENTRY OF ORDER GRANTING REQUEST FOR DISMISSAL OF ACTION WITHOUT PREJUDICE* on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

  Miriam L. Schimmel, Esq.
  Katherine Den Bleyker, Esq.
  Jonathan S. Lee, Esq.
  CAPSTONE LAW APC
  1840 Century Park East, Suite 450
  Los Angeles, CA 90067

  Attorneys for Plaintiff, Christine Bohlander

☒ **(BY MAIL)**
  I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☒ **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 27, 2013,** at Los Angeles, California.

_____
Rob Briner

**Removal Exhibit D-095**

# EXHIBIT E

1  Robert Friedl (SBN 134947)
   Robert.Friedl@capstonelawyers.com
2  Katherine Kehr (SBN 226559)
   Katherine.Kehr@capstonelawyers.com
3  Jonathan Lee (SBN 267146)
   Jonathan.Lee@capstonelawyers.com
4  Capstone Law APC
   1840 Century Park East, Suite 450
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiff Jemuel Andres and Mark Takahashi

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11

12  JEMUEL ANDRES, MARK TAKAHASHI,       Case No.:  BC511308
    individually as aggrieved employees and on
13  behalf of others similarly situated,       CLASS ACTION & ENFORCEMENT UNDER
                                               THE PRIVATE ATTORNEYS GENERAL
14              Plaintiffs,                     ACT, CALIFORNIA LABOR CODE §§ 2698
                                               ET SEQ.
15       vs.
                                               ASSIGNED FOR ALL PURPOSES TO:
16  LABORATORY CORPORATION OF             Hon. Lee Smalley Edmon, Department 322
    AMERICA, a Delaware corporation doing
17  business as LABCORP; LABORATORY       [PROPOSED] ORDER AUTHORIZING
    CORPORATION OF AMERICA              ELECTRONIC SERVICE
18  HOLDINGS, a Delaware corporation doing
    business as LABCORP; ANTOINETTE
19  HUGGINS, an individual; and DOES 1
    through 100, inclusive,
20
                Defendants.
21

22       The Court has deemed this matter to be complex litigation within the meaning of the

23  California Standards of Judicial Administration for Complex Litigation Section 19 and

24  California Rules of Court, rules 3.400 et. seq.  As such, this is a case that requires specialized

25  management to avoid placing unnecessary burdens on the Court or the litigants, and to keep costs

26  reasonable.

27       Pursuant to Code of Civil Procedure §187 and California Rule of Court, Rules 2.253(a)

28  and 3.751, and the stipulation of the parties, the Court makes this Order to reduce the costs of

1   litigation and to facilitate case management, document retrieval, and case organization.  The

2   Court finds that entry of this Order is necessary for the just, expeditious, and efficient litigation

3   of this Action and that compliance with the terms herein will not result in unnecessary hardship

4   or significant prejudice to any of the parties in this matter.

5          When a party to this litigation wishes to serve a document, that party shall effectuate

6   service of the document by the procedure set forth in this Order:

7   **I.      CASE ANYWHERE LLC ("CASE ANYWHERE")**

8          1.      In order to facilitate case management, document retrieval and case organization,

9   the parties will utilize the services of CASE ANYWHERE and its litigation system (the

10   "System") for providing electronic service, storage and delivery of court-filed and discovery-

11   related documents through a secure website.  Each firm of record and unrepresented litigant is

12   required to sign up with CASE ANYWHERE and will be individually responsible for payment

13   of applicable CASE ANYWHERE fees.  The Court, at its option, may also use CASE

14   ANYWHERE and its System for these purposes as well to communicate with counsel of record.

15   **II.     SERVICE ONLY**

16          2.      The System shall apply only to the service of documents, and not to their filing.

17   Original documents must still be filed in the traditional manner (i.e., filing the signed original

18   document with the Court), pursuant to the applicable California Rules of Civil Procedure and

19   Local Rules of Court.

20   **III.    SERVICE LIST & SIGN-UP**

21          3.      Within five (5) days of this Order, counsel for Plaintiff(s) shall submit to CASE

22   ANYWHERE a complete and current service list which will contain email addresses.  Within

23   five (5) days of this Order, all law firms of record shall provide the following information to

24   CASE ANYWHERE:  (i) firm address; (ii) firm telephone number; (iii) firm facsimile number;

25   (iv) identity of attorney(s) of record; (v) list of other firm attorneys to be provided access (if

26   any); (vi) list of firm professional staff to be provided access (if any); (vii) email addresses of all

27   attorneys and professional staff to be provided access; (viii) list of parties represented; and (ix)

28   the name and address of the individual designated to receive billing invoices.  Any unrepresented

2

ORDER AUTHORIZING ELECTRONIC SERVICE

**Removal Exhibit E-097**

1    litigants shall provide similar contact information.  This information shall be provided to CASE

2    ANYWHERE by email at its support address (support@caseanywhere.com), citing the case title

3    in the subject line, or by fax transmission to (310) 564-7701.  Each party is responsible for

4    providing up-to-date contact information for Case Anywhere's service list.  Each user is

5    responsible for ensuring that his email account settings will allow receipt of emails from

6    service@caseanywhere.com.

7    **IV.**      **SERVICE OF DOCUMENTS AND WEBSITE**

8          4.      When any party wishes to serve a document, that party shall serve the document

9    according to all the requirements and procedures of this Order.  All references to "document" in

10   this Order shall be interpreted to include any exhibits or attachments to the document and shall

11   include both pleadings and discovery-related documents (such as interrogatories, requests for

12   production, deposition notices, etc.); provided, however, that each party shall determine

13   individually whether to utilize the System to serve document productions and correspondence.

14         5.      CASE ANYWHERE shall establish and maintain an Internet website (the

15   "Website") for this litigation.  CASE ANYWHERE will post all documents served by the parties

16   to the Website as provided in this Order and shall serve each document on the parties included

17   on the service list provided to CASE ANYWHERE in accordance with the procedures herein.

18   The Website address is www.caseanywhere.com.

19         6.      Each party shall serve each document via electronic transfer of the document file

20   to CASE ANYWHERE (in Word, WordPerfect, or PDF format) through the Internet.  Each party

21   shall title each document the same as the title of the document on the caption page.  Each

22   document electronically served pursuant to this Order shall be deemed to have been served under

23   the California Rules of Civil Procedure.

24         7.      After CASE ANYWHERE receives a document, CASE ANYWHERE shall

25   convert such document into PDF form (if it is not already uploaded in PDF format) and post it to

26   the Website.

27

28

ORDER AUTHORIZING ELECTRONIC SERVICE

**Removal Exhibit E-098**

8.      CASE ANYWHERE shall send an email to all registered users notifying them that the document has been posted to the Website.  The email shall contain a hypertext link to the document.

9.      Electronic service shall be complete at the time of transmission by a party to CASE ANYWHERE, provided any period of notice or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic transmission by two court days, but the extension shall not extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal.

10.     In the event a document that is to be filed with the Court is rejected by the Court for filing after it has been posted on the Website by CASE ANYWHERE, the rejection was caused by an aspect of the caption of the document, and the party seeking to file the document successfully files it with the Court within two (2) business days of its rejection with revisions to the caption only, then the party filing the document shall promptly submit a notice of successful filing, including the date of the filing and the revised page(s) of the caption, to CASE ANYWHERE for posting on the Website.  In all other circumstances in which a document to be filed with the Court is rejected for filing after CASE ANYWHERE has posted it on the Website, the party that caused the document to be posted shall promptly notify CASE ANYWHERE in writing that the document was rejected by the Court for filing.  CASE ANYWHERE shall cause a permanent notation to be placed on the Website in conjunction with that document memorializing the fact of rejection.

11.     All documents posted on the System will be identified by: (a) the name of the serving law firm; (b) the caption(s) of the case(s) to which the document belongs; and (c) the title of the document set forth on its caption.

12.     The System shall contain an index of all served documents for the litigation that will be searchable and sortable according to methods that are useful.

13.     Access to the System will be limited to registered users.  Registered users will

4

Removal Exhibit E-099

1   consist of authorized Court personnel, counsel of record and their designated staff members,

2   parties, consultants, and experts.  CASE ANYWHERE will provide each registered user with a

3   username and password to access the System and the documents served in the litigation.  CASE

4   ANYWHERE personnel will perform all administrative functions for the System, but all initial

5   data as well as additions, deletions or changes to the service list must be provided by the parties.

6   Any disputes regarding initial data, additions, deletions or changes to the service list shall be

7   submitted by CASE ANYWHERE to the Court for resolution.

8         14.    Every pleading, document and instrument served electronically shall bear a

9   facsimile or typographical signature of at least one of the attorneys of record (or, if applicable,

10   the signature of an unrepresented litigant), along with the typed name, address, telephone number

11   and State Bar of California number of such attorney.  Typographical signatures shall be treated

12   exactly as personal signatures for purposes of electronically served documents under the

13   California Rules of Civil Procedure.  The serving party of any document requiring multiple

14   signatures (e.g., stipulations, joint status reports) must list thereon all the names of other

15   signatories by means of an "s/____" block for each.  By submitting such a document, the serving

16   party certifies that each of the other signatories has expressly agreed to the form and substance of

17   the document and that the serving party has the actual authority to submit the document

18   electronically.  The serving party must maintain any records evidencing this concurrence for

19   subsequent production to the Court if so ordered or for inspection upon request by a party.

20         15.    Any document transmitted to the System shall certify in the Proof of Service that

21   a true and correct copy was electronically served by transmission to CASE ANYWHERE.

22         16.    This Order Authorizing Electronic Service, and any modifications thereto, shall

23   also apply to any new parties that subsequently enter the action.  All such parties must register

24   with CASE ANYWHERE within five days of their first appearance in the case.

25         17.    CASE ANYWHERE shall have available to registered users a telephone helpline

26   ((800) 884-3163) and e-mail support (support@caseanywhere.com) 365 days a year.

27         18.    Counsel for Plaintiff shall serve a copy of this ORDER AUTHORIZING

28   ELECTRONIC SERVICE on all parties.

**Removal Exhibit E-100**

## V.   CONCLUSION OF SERVICE

19.   Unless otherwise instructed by the Court, CASE ANYWHERE shall maintain the Website and provide access to registered users until the earlier of the two events:  (i) all parties have exhausted their appeals (or all appeal periods have lapsed) or, if the matter is settled as to all parties, all parties have been dismissed from the case; or (ii) the Court instructs CASE ANYWHERE to terminate the service.

20.   Notwithstanding the above, access for individual law firms will be terminated upon the earlier of the following: (i) all parties represented by that firm have been voluntarily dismissed; (ii) the firm no longer represents any party in the litigation; or (iii) a final judgment for or against each party represented by the law firm has been issued and all appeals therefrom have been exhausted or concluded. Access for unrepresented litigants will be terminated upon the earlier of the following:  (i) the party has been voluntarily dismissed; or (ii) a final judgment for or against the party has been issued and all appeals therefrom have been exhausted or concluded.  Each law firm and unrepresented litigant is responsible for informing CASE ANYWHERE of the above.

21.   Each law firm shall notify CASE ANYWHERE if access by any of its registered users shall be terminated for any reason.  Upon receipt of such notification, CASE ANYWHERE will terminate access rights for the indicated individual.  Access to the Website must be maintained for at least one attorney of record from each firm unless access has otherwise been terminated pursuant to the provisions above.

**IT IS SO ORDERED**.

Dated: _____                _____

Hon. Lee Smalley Edmon
Judge of the Superior Court

6

ORDER AUTHORIZING ELECTRONIC SERVICE

**Removal Exhibit E-101**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Capstone Law APC, 1840 Century Park East, Suite 450, Los Angeles, California 90067.

On November 8, 2013, I served the within document(s) described below as:

**[PROPOSED] ORDER AUTHORIZING ELECTRONIC SERVICE**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

> Mark D. Kemple
> Bryan J. Lazarski
> Greenberg Traurig, LLP
> 1840 Century Park East, Suite 1900
> Los Angeles, CA 90067-2121

(X) **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

( ) **PERSONAL**:  I caused such envelope to be delivered by hand to the individuals at the address listed above.

( ) **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

( ) **FACSIMILE**:  I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

(X) **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on November 8, 2013, at Los Angeles, California.

Sandy S. Acevedo

PROOF OF SERVICE

**Removal Exhibit E-102**

Miriam Schimmel (SBN 185089)
Miriam.Schimmel@capstonelawyers.com
Katherine Den Bleyker (SBN 257187)
Katherine.DenBleyker@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiffs Jemuel Andres
and Mark Takahashi

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JEMUEL ANDRES, MARK TAKAHASHI, individually as aggrieved employees and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LABORATORY CORPORATION OF AMERICA, a Delaware corporation doing business as LABCORP; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation doing business as LABCORP; ANTOINETTE HUGGINS, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: BC511308<br><br>Assigned for all purposes to:<br>Hon. Lee Smalley Edmon, Department 322<br><br>**NOTICE OF CONTINUED HEARING**<br><br>Date:      October 29, 2013<br>Time:      11:30 a.m.<br>Location: Department 322 |

NOTICE OF CONTINUED HEARING

**Removal Exhibit E-103**

1  **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF**

2  **RECORD:**

3      **PLEASE TAKE NOTICE** that the Court in the above-referenced matter has

4  continued the Initial Status Conference previously set for September 5, 2013.  The Initial

5  Status Conference is now set for October 29, 2013 at 11:30 a.m. in Department 322 of

6  the Superior Court of California for the County of Los Angeles, Central Civil West

7  Courthouse, located at 600 South Commonwealth Avenue, Los Angeles, California

8  90005.

9

10  Dated:  August 29, 2013           Respectfully submitted,

11                  Capstone Law APC

12

13                  By:

14                  Miriam Schimmel
                Katherine DenBleyker

15                  Jonathan S. Lee

16                  Attorneys for Plaintiffs Jemuel Andres and
                Mark Takahashi

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF CONTINUED HEARING

**Removal Exhibit E-104**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Capstone Law APC, 1840 Century Park East, Suite 450, Los Angeles, California 90067.

On August 29, 2013, I served the within document(s) described below as:

**NOTICE OF CONTINUED HEARING**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

> Mark D. Kemple
> Bryan J. Lazarski
> Greenberg Traurig, LLP
> 1840 Century Park East, Suite 1900
> Los Angeles, CA 90067-2121

**(X)**  **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.

**( )**  **PERSONAL**:  I caused such envelope to be delivered by hand to the individuals at the address listed above.

**( )**  **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

**( )**  **FACSIMILE**:  I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

**(X)**  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on August 29, 2013, at Los Angeles, California.

Sandy S. Acevedo

PROOF OF SERVICE

**Removal Exhibit E-105**

1   Miriam L. Schimmel (SBN 185089)
    Miriam.Schimmel@capstonelawyers.com
2   Matthew T. Theriault (SBN 244037)
    Matthew.Theriault@capstonelawyers.com
3   Jonathan Lee (SBN 267146)
    Jonathan.Lee@capstonelawyers.com
4   Capstone Law APC
    1840 Century Park East, Suite 450
5   Los Angeles, California 90067
    Telephone:     (310) 556-4811
6   Facsimile:     (310) 943-0396

7   Attorneys for Plaintiffs Jemuel Andres,
    Mark Takahashi, and Christine Bohlander
8
    Mark D. Kemple
9   Bryan J. Lazarski
    Greenberg Traurig, LLP
10  1840 Century Park East, Suite 1900
    Los Angeles, CA 90067-2121
11
    Attorneys for Defendants
12  Laboratory Corporation of America and
    Laboratory Corporation of America Holdings
13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                     COUNTY OF LOS ANGELES

16  | JEMUEL ANDRES, MARK | Case No.: BC511308 |
17  | TAKAHASHI, CHRISTINE BOHLANDER, individually as aggrieved employees and on behalf of others similarly situated, | Assigned for all purposes to: Hon. Lee Smalley Edmon, Department 322 |
18  | | |
19  |        Plaintiffs, | **CLASS ACTION & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 *ET SEQ.*** |
20  |        vs. | |
21  | LABORATORY CORPORATION OF AMERICA, a Delaware corporation doing | **JOINT INITIAL STATUS CONFERENCE REPORT** |
22  | business as LABCORP; LABORATORY CORPORATION OF AMERICA | |
23  | HOLDINGS, a Delaware corporation doing business as LABCORP; ANTOINETTE | Date:        September 5, 2013 |
24  | HUGGINS, an individual; and DOES 1 through 100, inclusive, | Time:        2:30 p.m. Place:        Department 322 |
25  |        Defendants. | Action Filed:  June 6, 2013 |
26
27
28

*LA 131051832v3*

**Removal Exhibit E-106**

1    Plaintiffs Jemuel Andres, Mark Takahashi, and Christine Bohlander ("Plaintiffs"),

2  individually, and on behalf of all other members of the general public similarly situated, and

3  as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"), and

4  Defendants Laboratory Corporation Of America and Laboratory Corporation Of America

5  Holdings ("Defendants") (collectively, the "Parties"), pursuant to California Rule of Court

6  3.725 and Los Angeles County Superior Court Rule 3.25(b)(2), and this Court's Order Setting

7  Initial Status Conference dated July 11, 2013 ("July 11 Order"), hereby submit the following

8  Joint Initial Status Conference Report in advance of the September 5, 2013 Initial Status

9  Conference.

10    **I.  PARTIES AND COUNSEL**

11    The parties are represented by counsel listed on the caption.

12    **II.  POTENTIAL ADDITIONAL PARTIES**

13    The parties do not anticipate adding any additional parties at this time.

14    **III.  IMPROPERLY NAMED DEFENDANT(S)**

15    Plaintiff contends that all defendants are all properly named.  Defendants believe that

16  the two individual defendants have not been improperly named as venue is improper for one

17  (Ms. Nelson, who is believed to reside in Kings County) and no claim has been stated as

18  against any defendant.  Defendants further note that neither individual defendant has been

19  served.  Defendants have requested that Plaintiffs dismiss the two named individuals, and

20  Plaintiffs have stated that they will consider this request.

21    **IV.  ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S)**

22    Plaintiffs do not believe any of the plaintiffs are inadequate to be class representatives.

23  Though Defendants cannot fully assess the adequacy of the named plaintiffs until they have

24  been deposed, the suggested courier/service class representative plaintiffs (Mr. Andres and

25  Mr. Takahashi) are inadequate at least to the extent that that putative class seeks injunctive

26  relief, as each is a former employee who lacks standing to seek injunctive relief.  Likewise,

27  the suggested phlebotomist class representative plaintiff (Ms. Bohlander) is an inadequate at

28  least to the extent that the putative class seeks waiting time penalties, as she is a current

Page 1

**Removal Exhibit E-107**

1  employee who lacks standing to seek such relief.

2  **V.    ESTIMATED CLASS SIZE**

3  Without conceding the certainty, propriety or ascertainability of the class as defined,

4  Defendants estimate that there are thousands of potential class members.

5  **VI.   OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS**

6  **A. Plaintiff**

7  Plaintiffs are not aware of currently pending action against Defendants or any other

8  cases which allege claims on behalf of all non-exempt couriers or phlebotomists who worked

9  at Defendants' California locations.

10  **B. Defendants**

11  Defendants are aware of no pending actions making claims under the statutes

12  referenced on the caption of Plaintiffs' First Amended Complaint.

13  **VII.   POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS**

14  **ACTION WAIVER CLAUSES**

15  Plaintiff is not aware of any arbitration or class action waiver clauses that have any

16  bearing on this proceeding.  Defendants are investigating whether any such agreement exist

17  with the persons referenced above.

18  **VIII.  POTENTIAL EARLY CRUCIAL MOTIONS**

19  **A. Plaintiff**

20  Plaintiffs do not anticipate filing any such early crucial motions.

21  **B. Defendants**

22  Though this action has effectively been stayed by this Court's Order, Defendants anticipate

23  that they will prepare demurrers and a motion to strike substantive allegations of Plaintiffs'

24  First Amended Complaint, including prayers for injunctive relief and waiting time penalties.

25  **IX.   CLASS CONTACT INFORMATION**

26  **A. Plaintiff**

27  Plaintiffs believe that obtaining class contact information from defendants' records is

28  necessary in this case and consent to a *Belaire-West* opt-out procedure.

Page 2

LA 131051832v3

**Removal Exhibit E-108**

**B. Defendants**

Defendants do not believe that production of class contact information is appropriate in this action, as Plaintiffs seek to certify a class based on some common proof of violations of the Labor Code statutes they cite, rather than individualized proof. Indeed, Plaintiffs have not articulated how individualized testimony would aid in demonstrating that this action is amenable to class certification and adjudication through common proof. *Compare Brinker Restaurant Corporation v. Superior Court*, 53 Cal.4th 1004 (2012) (class may be certified based on a facially invalid policy, without regard to whether employees actually took rest breaks). In this regard, Plaintiffs would be required to make a showing of compelling need. Even where "discovery of private information is shown to be directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy'." *Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853-54 (1994). *See also Britt v. Superior Court*, 20 Cal. 3d 844, 856 (1978). *Lantz*, 28 Cal. App. 4th at 1854 (compelled discovery within the realm of the right to privacy "cannot be justified solely on the ground that it may lead to relevant information.") (cit. omitted); *Harding Lawson Associates v. Superior Court*, 10 Cal. App. 13 4th 7, 10 (1992) (the trial court abused its discretion in ordering production of third-party personnel records; "A showing of relevancy may be enough to cause the court to balance the compelling public need for the discovery against the fundamental flat of privacy. However, the balance will favor privacy for confidential information in third party personnel files unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from non confidential sources."); *El Dorado Sav. & Loan v. Superior Court*, 190 Cal. App. 3d 344, 346 (1987) ("In the context of discovery of confidential information in personnel files, even when such information is directly relevant to litigation, discovery will not be permitted until a balancing of the compelling need for discovery against the fundamental right of privacy determines that disclosure is appropriate. And, even when the balance tips in favor of disclosure, constitutional concerns require a strict circumspection of

LA 131051832v3

**Removal Exhibit E-109**

1   the scope of disclosure."). Plaintiffs have made no showing (or suggested showing) in this

2   regard, much less a compelling showing, much less at the class certification phase, where they

3   will argue some "common proof" on which they will seek to certify their claims. Moreover,

4   to the extent that personal information of individuals is produced (for example, a sampling),

5   privacy concerns may be addressed by a protective order concerning its use and authorized

6   release, in lieu of a cumbersome and time consuming (and expensive) *Bel-Aire West*

7   procedure.

8       **X.**    **PROTECTIVE ORDERS**

9       The parties are negotiating a protective order similar to the Los Angeles Superior

10   Court model, and addressing the concerns expressed above.

11       **XI.**   **DISCOVERY**

12       Plaintiffs propose two stages of discovery based around the Court's determination on

13   class certification. The pre-certification discovery phase will concern issues related to

14   Plaintiffs' Motion for Class Certification, with the understanding that some pre-class

15   certification discovery may also touch upon the merits of Plaintiffs' claims. Plaintiffs

16   anticipate that pre-class certification discovery will include discovery of class member names

17   and contact information, documentary evidence (including policy documents, and class

18   members' time and wage records), and depositions of Defendants' corporate representatives.

19       Following the Court's ruling on the Motion for Class Certification, the parties will

20   conduct the merits discovery phase concerning remaining issues for trial, either on a class-

21   wide basis or on an individual basis depending on the outcome of certification.

22       Defendants concur generally in bifurcation as discussed above, but reserve the right to

23   object to the scope of discovery requested by Plaintiff, and to offer additional objections.

24   Defendant anticipate that they will serve written discovery on Plaintiff, will take Plaintiff's

25   deposition, and intend to take the depositions of any declarants offered by Plaintiff in support

26   of any motion to certify a class, including putative class members and any proffered experts.

27       **XII.**   **INSURANCE COVERAGE**

28       Defendants are unaware of any insurance coverage relating to the claims in this matter.

**Removal Exhibit E-110**

XIII.   ALTERNATIVE DISPUTE RESOLUTION

In an attempt to preserve party and Court resources, Plaintiffs are willing to participate in settlement negotiations on a class-wide basis, preferably through private mediation.

XIV.   TIMELINE FOR CASE MANAGEMENT

Plaintiffs propose a further status conference in 90 days to gauge the status of discovery, and whether the parties intend to proceed to mediation or towards preparation for Plaintiffs' Motion for Class Certification.  Defendants propose a further status conference be conducted in late October or early November of 2013, and that any motion to certify a class be filed on or before March 3, 2014.

XV.   ELECTRONIC SERVICE OF PAPERS

The parties do not object to any of the electronic service providers and are agreeable to utilizing Case Anywhere.

Dated:  August 28, 2013

Respectfully submitted,

Capstone Law APC

By:

Miriam L. Schimmel
Matthew T. Theriault
Jonathan Lee

Attorneys for Plaintiffs Jemuel Andres and
Mark Takahashi


Dated:  August 28, 2013
Greenberg Traurig LLP

By:

Mark D. Kemple
Bryan J. Lazarski

Attorneys for Defendants
Laboratory Corporation of America
Laboratory Corporation of America Holdings

LA 131051832v3

**Removal Exhibit E-111**

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

    I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen
(18) and not a party to this action.  My business address is: Capstone Law APC, 1840 Century
Park East, Suite 450, Los Angeles, California 90067.

5

6

    On August 28, 2013, I served the within document(s) described below as:

7

**JOINT INITIAL STATUS CONFERENCE REPORT**

8

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes
addressed as follows:

9

10

11

12

    Mark D. Kemple
    Bryan J. Lazarski
    Greenberg Traurig, LLP
    1840 Century Park East, Suite 1900
    Los Angeles, CA 90067-2121

13

(**X**)   **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes
were mailed with postage thereon fully prepaid.

14

(  )   **PERSONAL**:  I caused such envelope to be delivered by hand to the individuals at the
address listed above.

15

16

(  )   **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered
via overnight courier service (FedEx) to the individuals at the address listed above.

(  )   **FACSIMILE**:  I caused the above-referenced document(s) to be transmitted to the above-
named person at the telephone numbers above.

17

18

(**X**)   (**STATE**) I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.

19

    **EXECUTED** this document on August 28, 2013, at Los Angeles, California.

20

21

22

                                            Sandy S. Acevedo

23

24

25

26

27

28

PROOF OF SERVICE

**Removal Exhibit E-112**

1 | Miriam Schimmel (SBN 185089)
Miriam.Schimmel@capstonelawyers.com
2 | Katherine Den Bleyker (SBN 257187)
Katherine.DenBleyker@capstonelawyers.com
3 | Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
4 | Capstone Law APC
1840 Century Park East, Suite 450
5 | Los Angeles, California 90067
Telephone:    (310) 556-4811
6 | Facsimile:    (310) 943-0396

FILED
LOS ANGELES SUPERIOR COURT
AUG 08 2013
JOHN A. CLARKE, CLERK
BY K. BOWEN, DEPUTY

7 | Attorneys for Plaintiffs Jemuel Andres
and Mark Takahashi

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES

11

12 | JEMUEL ANDRES, MARK
TAKAHASHI, individually as aggrieved
13 | employees and on behalf of others similarly
situated,

14 |                    Plaintiffs,

15 |        vs.

16 | LABORATORY CORPORATION OF
AMERICA, a Delaware corporation doing
17 | business as LABCORP; LABORATORY
CORPORATION OF AMERICA
18 | HOLDINGS, a Delaware corporation doing
business as LABCORP; ANTOINETTE
19 | HUGGINS, an individual; and DOES 1
through 100, inclusive,

20

21 |                    Defendants.

Case No.:  BC511308

Assigned for all purposes to:
Hon. Lee Smalley Edmon, Department 322

**NOTICE OF SERVICE OF SUMMONS
AND COMPLAINT ON DEFENDANTS**

22

23

24

25

26

27

28

NOTICE OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS

**TO THE HONORABLE COURT:**

Defendant Laboratory Corporation of America was served with the Summons, Complaint, and accompanying documents on July 8, 2013 by effectuating personal service on Mark Kemple of Greenberg Traurig, LLP, its attorney authorized to accept service of process.

Attached as Exhibit A is a true and correct copy of the Proof of Service on Laboratory Corporation of America.

Defendant Laboratory Corporation of America Holdings was served with the Summons, Complaint, and accompanying documents on July 8, 2013 by effectuating personal service on Mark Kemple of Greenberg Traurig, LLP, its attorney authorized to accept service of process.

Attached as Exhibit B is a true and correct copy of the Proof of Service on Laboratory Corporation of America Holdings.

Attached as Exhibit C is a true and correct copy of the Affidavit of Reasonable Diligence describing Plaintiff's attempt to serve Antoinette Huggins.

Dated: August 8, 2013

Respectfully submitted,

Capstone Law APC

By: _____
Miriam Schimmel
Katherine DenBleyker
Jonathan S. Lee

Attorneys for Plaintiffs Jemuel Andres and Mark Takahashi

NOTICE OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS

**Removal Exhibit E-114**

# Exhibit A

**Removal Exhibit E-115**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Miriam L. Schimmel (SBN 185089), Katherine Den Bleyker (SBN 257187)
Jonathan S. Lee (SBN 267146)
Capstone Law APC
1840 Century Park East, Suite 450, Los Angeles, California 90067
TELEPHONE NO.: (310) 556-4811     FAX NO. *(Optional):* (310) 943-0396
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiffs Jemuel Andres  and Mark Takahashi

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:    111 North Hill Street
MAILING ADDRESS:   111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME:       Central District

| PLAINTIFF/PETITIONER: Plaintiffs Jemuel Andres  and Mark Takahashi | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Laboratory Corporation of America | BC511308 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      Laboratory Corporation of America

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   1840 Century Park East, Suite 1900, Los Angeles, CA 90067-2121
5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* July 8, 2013     (2) at *(time):*  1:15 p.m.
   b. ☐ by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
       of the person to be served. I informed him or her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
       place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
       address of the person to be served, other than a United States Postal Service post office box. I informed
       him or her of the general nature of the papers.
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
       at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
       *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.
   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**Removal Exhibit E-116**

| PLAINTIFF/PETITIONER: Plaintiffs Jemuel Andres and Mark Takahashi | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Laboratory Corporation of America | BC511308 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                       ☐ other:

7. **Person who served papers**
  a. Name: Lauren Smykowski
  b. Address: 1840 Century Park East, Suite 450
  c. Telephone number: 310-712-8028
  d. **The fee** for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: July 30, 2013

Lauren Smykowski
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

**Removal Exhibit E-117**

# Exhibit B

Removal Exhibit E-118

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Miriam L. Schimmel (SBN 185089), Katherine Den Bleyker (SBN 257187)<br>Jonathan S. Lee (SBN 267146)<br>Capstone Law APC<br>1840 Century Park East, Suite 450, Los Angeles, California 90067<br>TELEPHONE NO.: (310) 556-4811    FAX NO. (Optional): (310) 943-0396<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs Jemuel Andres  and Mark Takahashi | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

| PLAINTIFF/PETITIONER: Plaintiffs Jemuel Andres  and Mark Takahashi | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Laboratory Corporation of America Holdings | BC511308 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
   Laboratory Corporation of America Holdings

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   1840 Century Park East, Suite 1900, Los Angeles, CA 90067-2121
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* July 8, 2013    (2) at *(time):*  1:15 p.m.
   b. ☐ **by substituted service.** On *(date):*            at *(time):*        I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*        from *(city):*            or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

**Removal Exhibit E-119**

| PLAINTIFF/PETITIONER: Plaintiffs Jemuel Andres and Mark Takahashi | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Laboratory Corporation of America Holdings | BC511308 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Lauren Smykowski
  b. Address: 1840 Century Park East, Suite 450
  c. Telephone number: 310-712-8028
  d. **The fee** for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: July 30, 2013

Lauren Smykowski
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

**Removal Exhibit E-120**

# Exhibit C

**Removal Exhibit E-121**

```
Attorney or Party without Attorney:                                          For Court Use Only
LAW OFFICES OF TODD D. THIBODO
16133 VENTURA BLVD., SUITE 580
ENCINO, CA  91436

Telephone No: (818) 347-9801     Fax No: (818) 907-5793
                                                 Ref No or File No.:
Attorney for: Plaintiff                           Andres v. Labcorp
Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES COUNTY SUPERIOR COURT- CENTRAL DISTRICT
Plaintiff: JEMUEL ANDRES, et al.
Defendant: LABORATORY CORPORATION OF AMERICA, et al.
AFFIDAVIT OF              Hearing Date:   Time:    Dept/Div:   Case Number:
REASONABLE DILIGENCE                                          BC511308
```

1. I, FLOYD ALBERT BROWN, and any employee or independent contractors retained by PROLEGAL, INC. are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant ANTOINETTE HUGGINS, AN INDIVIDUAL as follows:

2. Documents: Summons And Class Action Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum And Statement Of Location; Notice Of Case Assignment - Class Action Cases; Initial Status Conference Order (Complex Litigation Program) Class Action; Minutes Order Dated July 11, 2013; Voluntary Efficient Litigation Stipulations.

| Day | Date | Time | Location | Results |
|-----|------|------|----------|---------|
| Tue | 07/16/13 | 7:40pm | Home | THERE IS NO ANSWER AT THE DOOR. I COULD NOT HEAR OR SEE ANY ACTIVITY INSIDE. THERE IS A BLACK MITSUBISHI SPORT AND A FORD FUSION PARKED IN THE DRIVEWAY. Attempt made by: FLOYD ALBERT BROWN. Attempt at: 436 E. EATON AVENUE  Tracy CA 95376. |
| Wed | 07/17/13 | 6:46pm | Home | THERE IS NO ANSWER AT THE DOOR. I COULD NOT HEAR OR SEE ANY ACTIVITY INSIDE. THE MITSUBISHI IS STILL PARKED IN THE DRIVEWAY. Attempt made by: FLOYD ALBERT BROWN. Attempt at: 436 E. EATON AVENUE  Tracy CA 95376. |
| Thu | 07/18/13 | 7:31am | Home | THERE IS NO ANSWER AT THE DOOR. I COULD NOT HEAR OR SEE ANY ACTIVITY INSIDE. THE MITSUBISHI IS STILL PARKED IN THE DRIVEWAY. I TRIED TO VERIFY THE ADDRESS WITH A NEIGHBOR, HOWEVER, THERE WAS NO ANSWER AS WELL. Attempt made by: FLOYD ALBERT BROWN. Attempt at: 436 E. EATON AVENUE  Tracy CA 95376. |
| Fri | 07/19/13 | 8:41pm | Home | THERE IS NO ANSWER AT THE DOOR. Attempt made by: FLOYD ALBERT BROWN. Attempt at: 436 E. EATON AVENUE  Tracy CA 95376. |

Page Number 1
Date: Tue, Aug. 06, 2013          AFFIDAVIT OF REASONABLE DILIGENCE                    4359925.todth.54479

**Removal Exhibit E-122**

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| LAW OFFICES OF TODD D. THIBODO<br>16133 VENTURA BLVD., SUITE 580<br>ENCINO, CA 91436 | |
| Telephone No: (818) 347-9801     FAX No: (818) 907-5793 | |
| Attorney for: Plaintiff | Ref. No. or File No.: Andres v. Labcorp |

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES COUNTY SUPERIOR COURT- CENTRAL DISTRICT

Plaintiff: JEMUEL ANDRES, et al.
Defendant: LABORATORY CORPORATION OF AMERICA, et al.

| AFFIDAVIT OF<br>REASONABLE DILIGENCE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC511308 |
|---|---|---|---|---|

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Sat | 07/20/13 | 4:11pm | Home | THERE IS NO ANSWER AT THE DOOR. Attempt made by: FLOYD ALBERT BROWN. Attempt at: 436 E. EATON AVENUE  Tracy CA 95376. |
| Mon | 07/22/13 | 3:00pm | Home | THERE IS NO ANSWER AT THE DOOR. Attempt made by: FLOYD ALBERT BROWN. Attempt at: 436 E. EATON AVENUE  Tracy CA 95376. |
| Wed | 07/24/13 | 6:00pm | Home | Returned Not Served on: ANTOINETTE HUGGINS, AN INDIVIDUAL Home - 436 E. EATON AVENUE Tracy, CA 95376 |

3.  *Person Executing*
   a. FLOYD ALBERT BROWN
   b. PROLEGAL, INC.
      1706 S. FIGUEROA ST.
      LOS ANGELES, CA 90015
   c. 213-481-8100

Recoverable Costs Per CCP 1033.5(a)(4)(B)
d. *The Fee  for service was:*
e. *I am:*  (3)  registered California process server
     (i)  Independent Contractor
     (ii)  Registration No.:    397
     (iii)  County:    San Joaquin

4.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   Date: Tue, Aug. 06, 2013
Page Number 2

AFFIDAVIT OF REASONABLE DILIGENCE (FLOYD ALBERT BROWN)

4359925.tddth.54479

**Removal Exhibit E-123**

1   GREENBERG TRAURIG, LLP
    MARK D. KEMPLE (SBN 145219)
2   BRYAN J. LAZARSKI (SBN 248349)
    ASHLEY M. FARRELL (SBN 271825)
3   1840 Century Park East, Suite 1900
    Los Angeles, California 90067
4   Telephone: (310) 586-7700
    Facsimile:  (310) 586-7800
5   Email: kemplem@gtlaw.com
            lazarskib@gtlaw.com
6           farrella@gtlaw.com
    Attorneys for Defendants LABORATORY CORPORATION OF
7   AMERICA and LABORATORY CORPORATION OF AMERICA
    HOLDINGS
8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

JUL 22 2013

John A. Clarke, Executive Officer/Clerk
By: L. Worku, Deputy

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF LOS ANGELES

12

13   JEMUEL ANDRES, MARK TAKAHASHI,      CASE NO. BC 511 308
     individually as aggrieved employees and on
14   behalf of others similarly situated,    NOTICE OF PAYMENT OF COMPLEX
                                             FEES BY DEFENDANTS LABORATORY
15              Plaintiffs,                   CORPORATION OF AMERICA AND
                                             LABORATORY CORPORATION OF
16   vs.                                     AMERICA HOLDINGS

17   LABORATORY CORPORATION OF
     AMERICA, a Delaware corporation doing   Dept:      322
18   business as LABCORP; LABORATORY         Judge:     Hon. Lee Smalley Edmon
     CORPORATION OF AMERICA
19   HOLDINGS, a Delaware corporation doing  Date Action Filed:   June 6, 2013
     business as LABCORP; ANTOINETTE         Trial Date:          Not Set
20   HUGGINS, an individual; and DOES 1
     through 100, inclusive,                 LASC - CENTRAL CIVIL WEST
21                                           600 S. COMMONWEALTH AVE.
                Defendants.                   LOS ANGELES CA 90005
22
                                             DATE PAID: 07/22/13  03:46 PM
23                                           RECEIPT #: CCW520039032

24                                           CIT/CASE:  BC511308
                                             LEA/DEF#:
25

26                                           PAYMENT:    $2,000.00      310
                                             RECEIVED:
27                                               CHECK:             $2,000.00
                                                 CASH:                  $0.00
28                                               CHANGE:                $0.00
                                                 CARD:                  $0.00

─────────────────────────────────────────────────────
                    NOTICE OF PAYMENT OF COMPLEX FEES
LA 130991862v1

**Removal Exhibit E-124**

1        Defendants Laboratory Corporation of America and Laboratory Corporation of America

2    holdings hereby submit payment for complex fees in the above-entitled action, without waiving any

3    challenges to jurisdiction, venue, or any other substantive or procedural challenges to the Complaint(s).

4

5

6    DATED:  July 22, 2013              GREENBERG TRAURIG, LLP

7

8                      By _____

9                         Mark D. Kemple

10                        Attorneys for Defendants, LABORATORY
     CORPORATION OF AMERICA and LABORATORY
     CORPORATION OF AMERICA HOLDINGS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PAYMENT OF COMPLEX FEES

LA 130991862v1

**Removal Exhibit E-125**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA,**                    )
                                            )
**COUNTY OF LOS ANGELES**          )

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, California 90067.

On **July 22, 2013,** I served *NOTICE OF PAYMENT OF COMPLEX FEES BY DEFENDANTS LABORATORY CORPORATION OF AMERICA AND LABORATORY CORPORATION OF AMERICA HOLDINGS* on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Miriam Schimmel, Esq.
Katherine Den Bleyker, Esq.
Jonathan Lee, Esq.
CAPSTONE LAW APC
1840 Century Park East, Suite 450
Los Angeles, CA 90067

Tel:    (310) 556-4811

Attorneys for Plaintiff, Christine Bohlander

☑    **(BY MAIL)**

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 22, 2013,** at Los Angeles, California.

_____
Signature

LA 130991862v1

**Removal Exhibit E-126**

Miriam Schimmel (SBN 185089)
Miriam.Schimmel@capstonelawyers.com
Katherine Den Bleyker (SBN 257187)
Katherine.DenBleyker@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:     (310) 943-0396

Attorneys for Plaintiffs Jemuel Andres
and Mark Takahashi

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JEMUEL ANDRES, MARK TAKAHASHI, individually as aggrieved employees and on behalf of others similarly situated, | Case No.:  BC511308 |
| Plaintiffs, | Assigned for all purposes to: Hon. Lee Smalley Edmon, Department 322 |
| vs. | **NOTICE OF INITIAL STATUS CONFERENCE** |
| LABORATORY CORPORATION OF AMERICA, a Delaware corporation doing business as LABCORP; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation doing business as LABCORP; ANTOINETTE HUGGINS, an individual; and DOES 1 through 100, inclusive, | Date:       September 5, 2013 Time:       2:30 p.m. Location: Department 322 |
| Defendants. | |

NOTICE OF INITIAL STATUS CONFERENCE

**Removal Exhibit E-127**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the Court in the above-referenced matter has set an Initial Status Conference for September 5, 2013 at 2:30 p.m. in Department 322 of the Superior Court of California for the County of Los Angeles, Central Civil West Courthouse, located at 600 South Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are required to attend.  The matter is stayed until the Initial Status Conference.  The parties are to meet and confer and file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.

      True and correct copies of the Court's orders are attached hereto as Exhibits A and B.

Dated:  July 16, 2013

Respectfully submitted,

Capstone Law APC

By: _____
Miriam Schimmel
Katherine DenBleyker
Jonathan S. Lee

Attorneys for Plaintiffs Jemuel Andres and Mark Takahashi

Page 1

CLASS ACTION AND PAGA COMPLAINT

**Removal Exhibit E-128**

# Exhibit A

**Removal Exhibit E-129**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORIGINAL FILED**

JUL 1 1 2013

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

JEMUEL ANDRES, et al.,

        Plaintiff,

    vs.

LABORATORY CORPORATION OF
AMERICA, etc., et al.,

        Defendants.

Case No.: BC511308

INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)
CLASS ACTION

Case Assigned for All Purposes to
Judge Lee Smalley Edmon

Department: 322
Date:    September 5, 2013
Time:    2:30 p.m.

    This case has been assigned for all purposes to Judge Lee Smalley Edmon in the Complex

Litigation Program.  An Initial Status Conference is set for September 5, 2013 at 2:30 p.m.

in Department 322 located in the Central Civil West Courthouse at 600 South Commonwealth

Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

    The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint

INITIAL STATUS CONFERENCE ORDER (CLASS ACTION)

**Removal Exhibit E-130**

Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the use the Judicial Council Form CM-110 (Case Management Statement).

    **1.  PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

    **2.  POTENTIAL ADDITIONAL PARTIES:**  Indicate whether  any plaintiff presently intends to add additional  class representatives, and , if so, the name(s) and date by which these class representatives will be added.  Indicate whether  any plaintiff presently intends to name additional  defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether  any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

    **3.  IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

    **4.  ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4[th] 1253, please explain.  No prejudice will attach to these responses.

    **5.  ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

    **6.  OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the

-2-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**Removal Exhibit E-131**

docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then  identify efficient ways to resolve those issues, including one or more of the following:

- ■ Motion to Compel Arbitration,
- ■ Early motions in limine,
- ■ Early motions about particular jury instructions and verdict forms,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v.*

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**Removal Exhibit E-132**

*Superior Court* (2007) 149 Cal.App.4[th] 554, 561).  Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

     **10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

     **11. DISCOVERY:** Please discuss a discovery plan.  If the parties cannot agree on a plan, summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

     **12. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

     **13. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

     **14. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,

---

[2] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**Removal Exhibit E-133**

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

■ Case Anywhere (www.caseanywhere.com),

■ CaseHomePage (www.casehomepage.com), or

■ File & ServeXpress (www.fileandservexpress.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**
"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**Reminder When Seeking Approval of a Settlement**– Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a)

---

[3] California Rule of Court, Rule 3.770(a)

-5-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**Removal Exhibit E-134**

as required by Mark v. Spencer (2008) 166 Cal.App. 4th 219.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed in their entirety***. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases.  This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however it stays all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

If all parties have been served, have conducted the required meet and confer, and are ready to fully participate in the status conference prior to the assigned date, counsel may contact the clerk of Dept 322 and request an earlier date for the Initial Status Conference.

Dated: July 11, 2013

## Lee Edmon

_____
Judge Lee Smalley Edmon
JUDGE OF THE SUPERIOR COURT

-6-

INITIAL STATUS CONFERENCE ORDER(CLASS ACTION)

**Removal Exhibit E-135**

# Exhibit B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 07/11/13 | DEPT. 322 |

| | | | |
|---|---|---|---|
| HONORABLE LEE SMALLEY EDMON | JUDGE | M. CERVANTES | DEPUTY CLERK |
| HONORABLE<br>Add On | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| M. CARRILLO, C.A. | Deputy Sheriff | NONE | Reporter |

| BC511308 | Plaintiff<br>Counsel | |
|---|---|---|
| JEMUEL ANDRES ET AL | | |
| VS | Defendant<br>Counsel | |
| LABORATORY CORPORATION OF AMERI<br>ET AL | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
September 5, 2013, at 2:30 p.m. in Department 322.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 322

| MINUTES ENTERED |
|---|
| 07/11/13 |
| COUNTY CLERK |

**Removal Exhibit E-137**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/11/13                                                                DEPT. 322

HONORABLE LEE SMALLEY EDMON          JUDGE   M. CERVANTES          DEPUTY CLERK

HONORABLE                            JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
Add On
         M. CARRILLO, C.A.    Deputy Sheriff   NONE                      Reporter

BC511308                              Plaintiff
                                      Counsel
JEMUEL ANDRES ET AL
                                      Defendant
            VS                        Counsel
LABORATORY CORPORATION OF AMERI             NO APPEARANCES
ET AL

---

NATURE OF PROCEEDINGS:

Prejudice pursuant to Code of Civil Procedure Section
170.6.

According to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court within
10 calendar days from this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

Counsel are directed to access the following link for
information on procedures in the Complex Litigation
Program courtrooms:

http://courtnet/internet/civil/UI/
ToolsForLitigators2.aspx

          CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order dated July 11, 2013,
and Initial Status Conference Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,

          Page   2 of   3   DEPT. 322

MINUTES ENTERED
07/11/13
COUNTY CLERK

**Removal Exhibit E-138**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/11/13                                                                    DEPT. 322

HONORABLE LEE SMALLEY EDMON        JUDGE    M. CERVANTES        DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
Add On
              M. CARRILLO, C.A.    Deputy Sheriff  NONE                         Reporter

BC511308                                    Plaintiff
                                            Counsel
JEMUEL ANDRES ET AL
                                            Defendant
              VS                            Counsel
LABORATORY CORPORATION OF AMERI                    NO APPEARANCES
ET AL

**NATURE OF PROCEEDINGS:**

California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: July 11, 2013

John A. Clarke, Executive Officer/Clerk


By: _____
      M. Cervantes, Deputy Clerk


Miriam Schimmel
Katherine Den Bleyker
Jonathan Lee
CAPSTONE LAW APC
1840 Century Park East, Suite 450
Los Angeles, California 90067


Page   3 of   3   DEPT. 322

MINUTES ENTERED
07/11/13
COUNTY CLERK

**Removal Exhibit E-139**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Capstone Law APC, 1840 Century Park East, Suite 450, Los Angeles, California 90067.

On July 16, 2013, I served the within document(s) described below as:

**NOTICE OF INITIAL STATUS CONFERENCE**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

Mark D. Kemple
Bryan J. Lazarski
Greenberg Traurig, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
*Attorneys for Defendants*
*Laboratory Corporation Of America and*
*Laboratory Corporation Of America*
*Holdings*

**(X)**  **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

**( )**  **PERSONAL:** I caused such envelope to be delivered by hand to the individuals at the address listed above.

**( )**  **OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

**( )**  **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

**(X)**  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on July 16, 2013, at Los Angeles, California.

_____
Sandy S. Acevedo

PROOF OF SERVICE

**Removal Exhibit E-140**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/11/13 | | **DEPT.** 322 |
| HONORABLE LEE SMALLEY EDMON | JUDGE | M. CERVANTES | DEPUTY CLERK |
| HONORABLE<br>Add On | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| M. CARRILLO, C.A. | Deputy Sheriff | NONE | Reporter |

|  |  |
|---|---|
| BC511308 | Plaintiff<br>Counsel |
| JEMUEL ANDRES ET AL | |
| VS | Defendant<br>Counsel |
| LABORATORY CORPORATION OF AMERI<br>ET AL | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
September 5, 2013, at 2:30 p.m. in Department 322.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 322

| MINUTES ENTERED |
|---|
| 07/11/13<br>COUNTY CLERK |

**Removal Exhibit E-141**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/11/13                                                                    DEPT. 322

HONORABLE  LEE SMALLEY EDMON        JUDGE   M. CERVANTES        DEPUTY CLERK

HONORABLE                           JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
Add On
          M. CARRILLO, C.A.    Deputy Sheriff  NONE                Reporter

---

BC511308                              Plaintiff
                                      Counsel
JEMUEL ANDRES ET AL
                                      Defendant
          VS                          Counsel
LABORATORY CORPORATION OF AMERI              NO APPEARANCES
ET AL

---

NATURE OF PROCEEDINGS:

Prejudice pursuant to Code of Civil Procedure Section
170.6.

According to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court within
10 calendar days from this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

Counsel are directed to access the following link for
information on procedures in the Complex Litigation
Program courtrooms:

http://courtnet/internet/civil/UI/
ToolsForLitigators2.aspx

          CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order dated July 11, 2013,
and Initial Status Conference Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,

                Page   2 of   3   DEPT. 322

MINUTES ENTERED
07/11/13
COUNTY CLERK

**Removal Exhibit E-142**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/11/13                                                          DEPT. 322

HONORABLE LEE SMALLEY EDMON        JUDGE    M. CERVANTES        DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
Add On
            M. CARRILLO, C.A.    Deputy Sheriff   NONE              Reporter

---

BC511308                          Plaintiff
                                  Counsel
JEMUEL ANDRES ET AL
                                  Defendant
              VS                  Counsel
LABORATORY CORPORATION OF AMERI              NO APPEARANCES
ET AL

---

NATURE OF PROCEEDINGS:

California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: July 11, 2013

John A. Clarke, Executive Officer/Clerk


By: _____
      M. Cervantes, Deputy Clerk


Miriam Schimmel
Katherine Den Bleyker
Jonathan Lee
CAPSTONE LAW APC
1840 Century Park East, Suite 450
Los Angeles, California 90067


                  Page    3 of    3    DEPT. 322

                                          ┌─────────────────────┐
                                          │ MINUTES ENTERED     │
                                          │ 07/11/13            │
                                          │ COUNTY CLERK        │
                                          └─────────────────────┘

**Removal Exhibit E-143**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Ronald S.W. Lew_____ and the assigned Magistrate Judge is _____Victor B. Kenton_____ .

The case number on all documents filed with the Court should read as follows:

## CV13-8773-RSWL(VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 27, 2013_____
Date

By _C. Sawyer_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

**CONFORM THIS COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JEMUEL ANDRES, MARK TAKAHASHI, and CHRISTINE BOHLANDER, individually as aggrieved employees and on behalf of others similarly situated

**(b)** County of Residence of First Listed Plaintiff  Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Robert Friedl (SBN 134947); Katherine Kehr (SBN 226559)
Jonathan Lee (SBN 267146), CAPSTONE LAW APC
1840 Century Park East, Ste. 450, Los Angeles, CA 90067
Tel 310-556-4811, Fax: 310-943-0396

**DEFENDANTS**   ( Check box if you are representing yourself ☐ )

LABORATORY CORPORATION OF AMERICA, a Delaware corporation doing business as LABCORP; LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation doing business as LABCORP; ANTOINETTE HUGGINS, an individual; CYNTHIA NELSON, an individual, and DOES 1 through 100, inclusive

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

MARK D. KEMPLE (SBN 145219) BRYAN J. LAZARSKI (SBN 248349) ASHLEY M. FARRELL (SBN 271825) GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900, Los Angeles, CA 90067
TEL: 310-586-7700 FAX: 310-586-7800

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:$** Damages not specified, see Standard Fire Ins. Co. v Knowles, 133 S.Ct. 1345, (2013)

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(d) - Class Action Fairness Act ("CAFA") Diversity

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (11/13)   CIVIL COVER SHEET   **CV13-08773**   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **Question A: Was this case removed from state court?** | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No | ☒ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **Question B: Is the United States, or one of its agencies or employees, a party to this action?** | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes   ☒ No | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| **Question C: Location of plaintiffs, defendants, and claims?** (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| **Question D: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____    DATE: November 27, 2013

Bryan J. Lazarski, Greenberg Traurig, LLP Attorneys for
Defendants  Laboratory Corporation of America & Laboratory Corporation of America Holdings

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |



American LegalNet, Inc.
www.FormsWorkFlow.com